# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2429

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | • | District Court for the District |
| Jeffrey Paul Moser, | * | of North Dakota. |
| a/k/a Harry N. Moser, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 17, 1998

Filed: February 25, 1999

_____

Before LOKEN, JOHN R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Jeffrey Paul Moser opened a bank checking account using the name and
birthdate of his brother Harry, a social security number that was later determined to
belong to a deceased individual, and a North Dakota identity card that Mr. Moser had
acquired in his brother's name that listed the latter's birthdate but contained
Mr. Moser's own height, approximate weight, and hair color. Mr. Moser
subsequently deposited a stolen check for $5,000 that had been made payable to

"Harry Moser." Mr. Moser wrote twelve checks on the account with "starter" checks and, later, preprinted checks with the name of "Harry Moser." Ten of those checks were honored by the bank but two were refused. The bank suffered a total loss of almost $4,000; the two merchants to whom Mr. Moser's checks were returned lost approximately $670.

Mr. Moser pleaded guilty to a single count of bank fraud, *see* 18 U.S.C. § 1344, and the district court[1] sentenced him to 20 months of imprisonment and a three-year term of supervised release. Mr. Moser appeals his sentence, disputing the application of a two-level enhancement for "more than minimal planning" pursuant to U.S.S.G. § 2F1.1(b)(2)(A). We affirm.

I.

Before his sentencing hearing, Mr. Moser submitted a memorandum to the district court, challenging the conclusion of the presentence report (PSR) that his crime involved "more than minimal planning" and was thus subject to a two-level enhancement under U.S.S.G. § 2F1.1(b)(2)(A). In the memorandum, Mr. Moser asserted generally that he had taken no significant affirmative steps to plan the crime or to conceal the offense, that there was no repetition or series of crimes, and that there was no elaborate scheme to commit the fraud; he did not contest any of the allegations of fact on which the PSR relied in suggesting that the enhancement was warranted.

Mr. Moser maintains on appeal, however, that the district court erred when it used the facts as represented in the PSR as the basis for imposing a two-level enhancement, because, he says, the effect of his memorandum was to challenge the allegations contained in the PSR. He contends, therefore, that the government was

_____

[1]The Honorable Rodney S. Webb, Chief United States District Judge for the District of North Dakota.

required to produce evidence to support those allegations. In addition, Mr. Moser asserts that his counsel challenged the allegations of fact upon which the PSR relied when his counsel stated at the sentencing hearing that the government's brief supporting the PSR contained "a lot of facts" that were "highly speculative." Mr. Moser argues that once he had made these challenges, the court could no longer rely on the PSR as the basis for imposing the enhancement.

Fed. R. Crim. P. 32(c)(1) requires a sentencing court to rule on any unresolved objections to a PSR. We have held on numerous occasions, however, that unless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes. *See*, *e.g.*, *United States v. Coleman*, 132 F.3d 440, 441 (8th Cir. 1998) (*per curiam*), *cert. denied*, 118 S. Ct. 1821, 119 S. Ct. 116 (1998); *United States v. McFarland,* 116 F.3d 316, 318 (8th Cir. 1997), *cert. denied*, 118 S. Ct. 394 (1997); and *United States v. LaRoche*, 83 F.3d 958, 959 (8th Cir. 1996) (*per curiam*). Because Mr. Moser objected not to the facts themselves but to the PSR's recommendation based on those facts, we conclude that the district court did not err in relying on the PSR's allegations of fact in sentencing Mr. Moser. *See*, *e.g.*, *United States v. Goodwin,* 72 F.3d 88, 90 (8th Cir. 1995), and *United States v. Flores*, 9 F.3d 54, 56 (8th Cir. 1993). His vague complaint about a "lot of facts" in the government's brief is insufficient to entitle him to a hearing because it lacks specificity and because it is not directed at the PSR in any event.

II.

Mr. Moser further asserts that the district court erred in assessing the two-level enhancement pursuant to U.S.S.G. § 2F1.1(b)(2)(A) for "more than minimal planning," even if the facts were as the PSR indicated. Application note 1(f) to U.S.S.G. § 1B1.1 defines "more than minimal planning" as present if the crime involved "more planning than is typical for commission of the offense in a simple form," if the defendant took "significant affirmative steps" to conceal the offense, or if the case involved repeated acts over time. Mr. Moser contends that his conduct

amounted to bank fraud in its simplest form and thus did not warrant the enhancement. We review a district court's finding of more than minimal planning for clear error. *See*, *e.g.*, *United States v. Sheahan*, 31 F.3d 595, 603 (8th Cir. 1994).

We have held that significant affirmative steps were taken to conceal an offense when a defendant made efforts to hide his identity during a conspiracy to transport a stolen aircraft. *See United States v. Culver*, 929 F.2d 389, 393 (8th Cir. 1991). Since it cannot be mere coincidence that the stolen check in this case was payable to "Harry Moser" and that Mr. Moser had acquired a North Dakota identity card in this name, it follows that Mr. Moser either caused the check to be forged or obtained an identity card to match the name on the check, or both; and in any case, he used the false identity card in opening the account. These steps to conceal his offense were sufficient in themselves to establish more than minimal planning.

More important is the fact that Mr. Moser wrote twelve checks on the account using the name "Harry Moser." These "repeated acts over a period of time" themselves signify more than minimal planning "unless it is clear that each instance was purely opportune," *see* U.S.S.G. §1B1.1, application note 1(f). In *United States v. Sykes*, 4 F.3d 697, 699-700 (8th Cir. 1993) (*per curiam*), we held that a district court did not err when it found more than minimal planning where a defendant charged with possessing four checks stolen from a postal van had cashed two of the checks and had attempted to cash the other two. Similarly, in *United States v. Callaway*, 943 F.2d 29, 30-31 (8th Cir. 1991), we affirmed a district court finding of more than minimal planning in a case of social security fraud where a defendant continued to accept and cash disability benefits checks on behalf of her infant granddaughter for a year and a half after the child had been removed from the defendant's home and the defendant signed a statement during that period that there had been no changes in the number of people in the household. Mr. Moser's attempt to withdraw the money in the account through twelve separate transactions thus indicates more than minimal planning.

### III.

In sum, we find that the district court did not clearly err in assessing a two-level enhancement for more than minimal planning against Mr. Moser, and we therefore affirm the sentence that the court imposed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.