# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1438

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Chet Searing, | * | Western District of Missouri. |
| | * | |
| Appellant. | * | |

_____

Submitted: April 9, 2001
Filed: May 25, 2001

_____

Before HANSEN and BYE, Circuit Judges, and MELLOY,[1] District Judge.

_____

HANSEN, Circuit Judge.

Chet Searing pleaded guilty to conspiring to possess, transport, or cause to be transported in interstate commerce counterfeit securities, in violation of 18 U.S.C. § 371. The district court sentenced him to twenty-four months imprisonment and three years supervised release, and ordered him to pay $11,545.50 in restitution. On appeal, Searing challenges the restitution ordered. We affirm in part and reverse in part.

_____

[1]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa, sitting by designation.

I.

Searing and a co-conspirator produced counterfeit cashier's checks and used them to purchase property. Most of the $52,900 worth of property Searing had obtained was ultimately recovered, but the victims filed insurance claims. The presentence report (PSR) recommended ordering restitution payable to the victims for their insurance deductibles, and to the insurance companies for the difference between the amounts they paid on the claims and the amounts for which they sold the recovered items. As relevant, the first victim paid a $500 deductible to his insurance company, which sold the recovered item (a tractor) for $3,900 less than the amount it paid him. The second victim paid $1,000 in deductibles to his insurance company, which sold the recovered items (motorcycles and accessories) for $4,045.50 less than the amount it paid him. Finally, the PSR recommended ordering restitution payable to the second victim for items not covered by insurance: $800 for eight tires and wheels, $300 for two motorcycle helmets, and $200 for two gas tanks and two pairs of gloves. Searing objected to these restitution amounts "because all of the property that was taken has been recovered."

At sentencing, Searing argued that the insured items had been recovered undamaged and undiminished in value, and that the victims would have been made whole by accepting the items rather than collecting on their insurance. He contended that making him pay the victims' insurance deductibles and the insurance companies' losses on the claims exceeded the permissible scope of restitution. The district court overruled this objection.

Searing also raised a factual objection regarding the restitution to the second victim for the uninsured items. He contended that he had taken four--not eight--tires and wheels, and had not taken the helmets, gas tanks, or gloves. The district court questioned the presentence investigator, who noted that the second victim had told him

that Searing had taken the uninsured items specified in the PSR. The court then overruled Searing's objection.

On appeal, Searing argues that the district court erred by overruling his factual objection regarding the uninsured items without requiring supporting evidence; and erred by overruling his legal objection, that no restitution was owed because the property had been recovered undamaged and undiminished in value, and the victims' choices to collect insurance proceeds rather than accept the returned property caused their payment of insurance deductibles and the insurance companies' losses.

II.A.

We agree that the district court erred by overruling Searing's factual objection solely on the basis of the objected-to facts in the PSR and the presentence investigator's unsworn comments about what the second victim had told him. Searing's objection placed the burden on the government to present evidence in support of its position. See 18 U.S.C. § 3664(e) ("Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government."); United States v. Tucker, 217 F.3d 960, 961 (8th Cir. 2000) (in determining restitution, PSR is not evidence, and government has burden to prove facts by preponderance of evidence; failure to do so requires reversal).

The government relies on United States v. Graham, 72 F.3d 352 (3d Cir. 1995), cert. denied, 516 U.S. 1183 (1996), which is readily distinguishable. In that case, the Third Circuit reaffirmed the general rule that evidence is required when the PSR's restitution calculations are objected to, and that failure to follow this procedure requires reversal; but concluded that the district court had permissibly relied on the PSR's calculations because they were supported by documentation supplied by the victims,

which had been independently verified by the FBI.  See id. at 357-58.  No such independent verification was present in Searing's case:  the district court merely relied on the presentence investigator's informal recounting of the second victim's statements to him.  Accordingly, we conclude that the government's failure of proof requires that restitution for these contested items be limited to the defendant's admitted responsibility of $400 for four uninsured tires and wheels.

## II.B.

Searing's legal argument, however, is unsupported by the record.  As counsel for both parties conceded at oral argument, nothing shows when the property was recovered relative to when the insurance claims were filed and paid.  While a defendant in a case in which property was recovered undiminished in value before the victims filed insurance claims might be able to succeed with the argument that Searing advances, the record does not demonstrate that this is such a case, and resolution of that issue must wait for another day.

As a general matter, victims are entitled to recover for their losses regardless of their insurance coverage, see 18 U.S.C. § 3664(f)(1)(B), insurance companies are entitled to recover for the amounts paid on claims, see 18 U.S.C. § 3664(j)(1), and restitution can be split between victims and insurers, see United States v. Florence, 741 F.2d 1066, 1067, 1069 (8th Cir. 1984).  Based on the state of the record before us, we affirm the district court's imposition of the remaining restitution.

## III.

For the reasons set forth above, we vacate $900 of the restitution ordered by the district court, and we remand for entry of a modified restitution order consistent with this opinion.  Apart from the $900 in restitution for the uninsured items, which we

-4-

vacate for lack of proof, Searing's conviction and sentence are affirmed in all other respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.