# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1605
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota |
| | * | |
| Napae Luta Young, | * | |
| | * | |
| Appellant, | * | |

_____

Submitted: October 16, 2001

Filed: December 6, 2001
_____

Before WOLLMAN, Chief Judge, LAY and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Napae Luta Young appeals his sentence. Young pled guilty to one count of larceny in violation of 18 U.S.C. §§ 1153 and 661. At sentencing, the district court imposed a 16-month term of imprisonment followed by a 3-year term of supervised release. In calculating Young's offense level under the United States Sentencing Guidelines (U.S.S.G.), the district court assessed a two-level enhancement for more than minimal planning. The district court also ordered restitution in the amount of $9,700, which included approximately $4,000 awarded to the victim for lost profits.

On appeal, Young argues that the district court erred in (1) finding more than minimal planning in the commission of the larceny and (2) ordering restitution for lost profits. We affirm in part and reverse in part.

## I.    BACKGROUND

In October 1999, Young decided to steal American Indian merchandise from the White Horse Herbs and Trading Post in Mission, South Dakota. Young resided with his aunt in the Old Ring Thunder Community located approximately 12 miles from Mission. Because Young had no access to a car, he walked the 12 miles to Mission carrying a large backpack containing a hammer.

Young arrived in Mission near midnight. He walked along Main Street and looked for signs of any activity. Finding none, he walked to the trading post which had bars on the doors and windows on the main floor. Young then climbed a tree near the trading post and used the hammer to claw an opening in the siding near a roof gable. Young entered the building through the opening and descended to the main floor where the merchandise was located. He filled the backpack with American Indian artifacts and souvenirs. Young then exited the building with the merchandise through the same opening and crawled down a ventilation pipe. Young walked the 12 miles back to the Old Ring Thunder Community and hid the stolen merchandise in an abandoned home near his aunt's residence.[1]

After capture ,Young confessed to the theft. The merchandise stolen from the trading post was valued at over $20,000. All but approximately $5,600 of the

---

[1] Investigative documents cited in the presentence investigation report ("PSR") indicated a screwdriver handle was found outside the White Horse Herbs and Trading Post, and the rest of the tool was found several blocks away jammed into the ignition of a motor vehicle. The PSR does not conclude Young used the screwdriver in the commission of any crime. The district court's sentencing and our review are not based on a finding that Young used the screwdriver.

merchandise was recovered. A grand jury returned an indictment against Young charging him with burglary, in violation of 18 U.S.C. § 1153 and S.D. Codified Laws § 22-32-8, and larceny, in violation of 18 U.S.C. §§ 1153 and 661. Young pled guilty to Count II, the larceny charge, without a plea agreement. The district court sentenced Young to a 16-month term of imprisonment and ordered restitution in the amount of $9,700, which included $5,450.08 owed to the victim's insurer for claims paid, $250 owed to the victim for her insurance deductible, and $3,999.92 owed to the victim for lost profits.

## II.    DISCUSSION
### A.    More Than Minimal Planning

Young challenges the district court's finding that the offense involved more than minimal planning. See U.S.S.G. § 2B1.1(b)(4)(A) (Nov. 2000) (prescribing two-level increase for more than minimal planning). Application note 1(f) to U.S.S.G. § 1B1.1 states "more than minimal planning" is present if the offense involved "more planning than is typical for commission of the offense in a simple form," if the defendant took "significant affirmative steps" to conceal the offense, or if the case involved "repeated acts over a period of time, unless it is clear that each instance was purely opportune." The application note further states the adjustment for more than minimal planning "will apply especially frequently in property offenses."

Whether Young engaged in more than minimal planning is a fact question reviewed only for clear error. United States v. Lim, 235 F.3d 382, 384 (8th Cir. 2000). The defendant argues that the facts do not support an upward adjustment for more than minimal planning. The district court found that the details contained in the presentence investigation report ("PSR") established far more than minimal planning as to a larceny. The defendant did not object to the factual statements contained in the PSR describing his actions in planning and executing the larceny. We have held that unless a defendant objects to specific factual allegations contained in the PSR,

a district court may accept the facts as true for purposes of sentencing. United States v. Moser, 168 F.3d 1130, 1132 (8th Cir. 1999) (citations omitted).

The PSR contains numerous factual statements supporting an upward adjustment for more than minimal planning. These include Young's forethought in committing the larceny; his 12 mile walk for that purpose; his plans to use a large backpack and hammer to commit the larceny; his circumvention of the bars on the first floor doors and windows of the store by climbing a tree and then clawing an opening in the siding near a roof gable; and his act of hiding the stolen merchandise in an abandoned house. These undisputed facts establish that Young took discrete steps in furtherance of his plan before he actually stole the merchandise and took another affirmative step after committing the larceny to conceal the offense. Young's actions show considerably more forethought and planning than the U.S.S.G.'s illustration of a shoplifter who lifts an item from the shelf of an open store, walks to a secluded part of the store, and conceals the item in his coat pocket. See U.S.S.G. § 1B1.1, cmt. n.1(f). Therefore, we conclude that the district court did not err in applying a two-level enhancement for more than minimal planning.[2]

_____

[2] In determining the offense was not a typical larceny, the district court also referenced statements made by the government describing precautions the owner had taken to secure the trading post from thieves. Young argues that the record contains no evidence of the owner's efforts to fortify the trading post. The PSR does contain a factual description that the trading post "looks like a personal home with bars on the doors and windows on the main floor." The PSR does not contain factual allegations of any other specific precautionary measures taken by the owner to secure the trading post.

In both its written objections to the PSR and in oral statements at sentencing, the government argued that the owner had taken additional security measures to prevent thefts at the trading post. To the extent the district court may have relied on crime prevention efforts not documented in the PSR or otherwise admitted in evidence when applying the enhancement for more than minimal planning, such reliance would have been improper because the record contains no evidence

## B.     Restitution for Lost Profits

Young also contends the district court erred in ordering $4,249.92 in restitution for the victim.  Young does not challenge the restitution order for amounts paid on insurance claims.

Restitution is mandatory upon a conviction for an offense against property under Title 18 when an identifiable victim suffers a physical injury or pecuniary loss. 18 U.S.C. §§ 3663A(a)(1) and 3663A(c)(1).  We review a district court's finding of loss relating to restitution under a clearly erroneous standard.  United States v. Cupit, 169 F.3d 536, 538 (8th Cir. 1999). The district court resolves any dispute regarding the amount or type of restitution by the preponderance of the evidence, and the government bears the burden of "demonstrating the amount of the loss sustained by a victim as a result of the offense."  18 U.S.C. § 3664(e).

Young argues the restitution order for lost profits is based entirely upon speculation.  We agree.  The government presented no evidence to prove the amount of lost profits sustained by the store owner.  At sentencing, government counsel conceded that he knew the amount of lost profits would be disputed.  Government counsel informed the court that he had warned the owner if she did not appear at the sentencing hearing to testify to lost profits, she risked not receiving restitution, and the owner had elected not to testify.

The government contends that because Young failed to object to the restitution estimates contained in the PSR, the government was not required under Moser to prove lost profits, and the district court may accept the estimates as true.  We do not

supporting such efforts.  Because we find the PSR provides ample undisputed facts to justify a two-level enhancement for more than minimal planning, we conclude any such error would have been harmless.

agree that <u>Moser</u> supports either of these propositions. In <u>Moser</u>, the defendant challenged the conclusion contained in the PSR that a sentencing enhancement was warranted but did not object to the specific factual allegations on which the conclusion relied. <u>Moser</u>, 168 F.3d at 1132. We held that unless a defendant objects to a specific allegation of fact contained in the PSR, a court may accept as true that fact for purposes of sentencing the defendant. <u>Id</u>.

In the instant case, the PSR contained no specific factual allegations substantiating the victim's request for lost profits. The PSR simply recounted the victim's estimate of lost retail sales in the amount of $4,000. The PSR contained no independent documentation verifying the estimate, and the PSR acknowledged "the entire amount of restitution owed is uncertain."

After reviewing the PSR, Young's counsel wrote to the presentence investigator expressly reserving the right to challenge restitution of a sum certain and copied the letter to the government. At sentencing, Young's counsel objected to the government's lack of proof of lost profits.

Because the district court relied only on the victim's "uncertain" estimate in ordering restitution for lost profits, we conclude the court committed clear error. Furthermore, because we conclude that the government failed to prove lost profits, restitution must be limited to documented claims of $5,450.08 payable to the insurance company and the $250 insurance deductible payable to the insured victim. <u>See</u> <u>United States v. Searing</u>, 250 F.3d 665, 667-68 (8th Cir. 2001).

## C. CONCLUSION

For the foregoing reasons, we vacate the restitution for lost profits ordered by the district court, and we remand for entry of a modified restitution order consistent with this opinion. We affirm Young's conviction and sentence in all other respects.

-6-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.