# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2982

_____

United States of America,        *
                                *

             Appellee,        *

                                *   Appeal from the United States

      v.                     *   District Court for the District

                                *   of South Dakota.

Albert Lee Williams, also known as   *

Tony Williams,                   *        [UNPUBLISHED]

                                *

            Appellant.       *

_____

Submitted:  February 11, 2003

Filed:   February 18, 2003

_____

Before BOWMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Albert Lee Williams was charged with bank fraud in violation of 18 U.S.C. § 1344 (2000) for fraudulently using one credit account to pay other credit debts and to purchase goods and services. During the investigation, an FBI agent presented an array of photographs for identification to employees from a business defrauded by Williams. The agent briefly described the purpose of the investigation, but neither asked foundational or follow-up questions nor offered any comments during the identification process. Two witnesses identified Williams. Williams moved to suppress the identification before trial, but the motion was denied. At trial,

Williams's counsel cross-examined each witness about the identification procedure, bringing to light facts showing each witness had been unsure about the identification at some point in time. Witnesses at trial also testified about the amount of the loss, totaling $61,000. The jury found Williams guilty.

The presentence investigation report indicated the total loss attributable to Williams's fraud was $63,335.29. Williams objected, stating the loss proved at trial was $61,000. At the sentencing hearing, the Government introduced faxed letters from various businesses stating the amount of the loss to each business. Direct Merchants offered no documentation at sentencing but representatives did estimate the loss during trial testimony. Williams objected at the hearing, arguing the exhibits lacked sufficient detail. The district court[*] calculated the total loss and ordered restitution in the amount of $94,006.23, the sum of the amounts presented by the Government. Williams appeals.

First, Williams contests the validity of the photo array identifications. When challenging a photo array identification, defendants must show the identification procedure was impermissibly suggestive, then must show under the totality of the circumstances that the confrontation created a substantial likelihood of irreparable misidentification. Robinson v. Clarke, 939 F.2d 573, 575 (8th Cir. 1991). Because Williams has not shown, or even argued, that the identification procedure was impermissibly suggestive, we need not consider Williams's contentions about the factors in the second prong of the analysis. There is no indication that the procedure was suggestive. Further, any problems with the identifications were drawn out in cross-examination, giving the jury information with which to determine what weight to give to the challenged identifications.

---

[*]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

Next, Williams contends the amount of restitution was unsupported by the record. We disagree. United States v. Young, 272 F.3d 1052, 1056 (8th Cir. 2001) (reviewing restitution orders for clear error). The Government bears the burden of demonstrating the amount of loss, which must be determined by a preponderance of the evidence. Id. Sworn testimony at trial to supports $61,000 of the loss. United States v. Baker, 200 F.3d 558, 563 (8th Cir. 2000). Restitution is not limited to losses proved to a jury. United States v. Ross, 279 F.3d 600, 610 (8th Cir. 2002). The district court may accept responsible, unsworn information, see United States v. Wise, 976 F.2d 393, 398 (8th Cir. 1992), and may adopt a reasonable estimate rather than determine a precise loss calculation, see United States v. Holliman, 291 F.3d 498, 502 (8th Cir. 2002), pet. for cert. filed, Sept. 27, 2002. The exhibits introduced at sentencing are troubling in their lack of detail, however, we cannot say the district court's restitution order is clearly mistaken.

Williams also submitted a pro se brief, arguing two issues. Williams contests the amount of restitution, an issue which was raised by counsel's brief and has already been discussed. Williams also contests the finding of an aggravating circumstance requiring more than minimal planning. After fully considering this contention, we reject it.

We affirm the district court's denial of the motion to suppress the photo array identification, Williams's conviction, and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-