# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3494

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Rajitha Goli, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 12, 2003

Filed: June 12, 2003

_____

Before WOLLMAN, RICHARD S. ARNOLD, and SMITH, Circuit Judges.

_____

PER CURIAM.

Rajitha Goli (Dr. Goli) was charged with nineteen counts of mail fraud, seven counts of health care fraud, and one count of illegal remunerations. She pled guilty to one count of health care fraud in violation of 18 U.S.C. § 1347. The district court[1] sentenced Dr. Goli to twelve months and one day in prison and ordered her to pay

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

$642,858.21 in restitution. Dr. Goli appeals, arguing that the district court erred in calculating the amount of restitution owed.[2] We affirm.

Dr. Goli was charged with devising and executing a scheme to defraud private individuals, private insurers, Medicare, and Medicaid "by causing the frequent and systematic administration of inotropic therapy[3] that was medically unnecessary to elderly individuals seeking medical care." The government also alleged that, as part of the scheme, Dr. Goli engaged in fraudulent billing practices, including upcoding and billing for services that had not been rendered.

During Dr. Goli's sentencing hearing, the government presented several witnesses and exhibits relating to the losses incurred by various entities and individuals. One of these witnesses was Stephen R. Sulpor, a statistician for the Centers for Medicare and Medicaid Services. Sulpor analyzed the government's Medicare Part B losses and projected a loss range of $198,619.00 to $345,694.00, with a "best estimate" of $272,156.54.

In its restitution order, the district court found that Dr. Goli's scheme caused $642,858.21 in losses, with $461,501.50 of that amount allocated to Medicare. Dr. Goli contends that the court "provided no guidelines or formula for how it reached the [total] restitution amount . . . ." Dr. Goli also contends that Sulpor provided "the most scientifically reliable formula for arriving at the amount of restitution owed." Thus, Dr. Goli concludes, the district court erred by setting restitution at an amount that exceeded the range identified by Sulpor. See United States v. Young, 272 F.3d

---

[2]Dr. Goli withdrew her first claim of error, which challenged the district court's denial of her amended motion to withdraw her guilty plea.

[3]The government describes inotropic therapy as "the intravenous administration of hazardous, potent, heart muscle affective drugs . . . used to stimulate the function of the heart muscle in cases of severe heart failure."

1052, 1056 (8th Cir. 2001) ("We review a district court's finding of loss relating to restitution under a clearly erroneous standard." (citation omitted)). We disagree.

Initially, we note that Sulpor's analysis was limited to the losses incurred by Medicare Part B. His loss range did not pertain to the losses incurred by individuals, private insurers, Medicaid, or Medicare Part A. The government submitted additional evidence related to these other losses. Dr. Goli does not specifically challenge any of this evidence. Rather, she simply asserts that "[t]he Government has failed to meet its burden of proof by establishing the amount of restitution by a preponderance of the evidence." Dr. Goli's conclusory assertions do not persuade us that the district court was limited to Sulpor's loss range in calculating the total amount of restitution owed.

Next, to the extent that Dr. Goli challenges the amount of restitution allocated to Medicare, her argument must also fail. The government asserts that Sulpor's analysis related to a Medicare Part B audit of various billing codes used by Dr. Goli to bill her inotropic therapy treatments and attendant services, but billed by Dr. Goli on false grounds other than a lack of medical necessity. Although parts of the sentencing transcript are not entirely clear as to the scope of Sulpor's analysis, the record as a whole demonstrates that the analysis did not include either Part A losses or Part B losses attributable to medically unnecessary treatments. Thus, the district court was not limited to Sulpor's loss range in calculating the losses incurred by Medicare.

For the reasons discussed above, we cannot find that the district court erred by failing to order restitution in an amount within the range identified by Sulpor. The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.