# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1513

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Bradley A. Henrichs, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 10, 2003

Filed: September 18, 2003

_____

Before WOLLMAN, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

Bradley A. Henrichs pleaded guilty to mail fraud, money laundering, and conspiracy to commit tax fraud. After receiving the presentence report (PSR), Henrichs filed written objections arguing that the counts were not grouped properly and that he should not have received increases for obstruction of justice, violating a state-issued cease-and-desist order, and encouraging others to violate federal tax law. The district court* expressly overruled Henrich's objections to the PSR. On appeal,

_____

*The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

Henrichs contends the district court should have allowed him to present evidence in support of his arguments and should have explained how it calculated the sentences imposed.

The district court did not abuse its discretion in rejecting Henrichs' objections to the PSR's findings and calculations without receiving any evidence or making specific findings of fact. Henrich did not dispute the ocurrence of the events detailed in the PSR, but merely challenged their legal significance. Further, Henrichs did not try to present any evidence or object to the Government's failure to present any evidence about his objections. Under the circumstances, the district court was not required to hold an evidentiary hearing or make factual findings before rejecting Henrichs' legal challenges. United States v. Young, 272 F.3d 1052, 1056 (8th Cir. 2001); United States v. Rodamaker, 56 F.3d 898, 902 (8th cir. 1995).

We thus affirm Henrichs' sentence.

_____