# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2718

_____

United States of America,            *
                                     *
              Appellee,              *   Appeal from the United States
                                     *   District Court for the Western
       v.                            *   District of Missouri.
                                     *
Jamey Canaday,                       *        [UNPUBLISHED]
                                     *
              Appellant.             *

_____

Submitted:   January 13, 2004

Filed:   February 2, 2004

_____

Before LOKEN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

PER CURIAM.

On September 16, 2002, an off-duty Kansas City police officer saw Jamey Canaday riding a bicycle in front of 4421 Norwood. As the officer watched from his home, he saw Canaday get off the bicycle, go the rear of the property, and enter the residence. Shortly after Canaday entered the home, the homeowner returned, opened the garage door, and saw Canaday in the garage and six of the home's firearms placed in the middle of the garage floor. She also noticed her back door was ajar. Another off-duty officer who lived behind 4421 Norwood saw Canaday run from the back of the property carrying a black plastic case. The officer chased Canaday and saw him throw the case down. Canaday was caught and the black plastic case, which

contained a 9 mm pistol, was recovered.  When apprehended, Canaday possessed jewelry stolen from the residence and methamphetamine.  Canaday told officers the homeowner owed him money and he went into the residence to get what he was owed.

Based on Canaday's actions, the Government charged him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Canaday pleaded guilty.  The presentence report (PSR) stated that when arresting officers returned to the victim's residence, they "discovered Canaday had gathered a number of firearms from the house and laid them out on the garage floor, in an effort to steal the weapons."  Thus, the PSR assessed a two-level increase in Canaday's offense level under U.S.S.G. § 2K2.1(b)(1)(A) because Canaday's offense involved between three and seven firearms.  At the sentencing hearing, Canaday objected to the PSR's "conclusion that guns were laid out on the garage floor in an effort to steal them," but did not object to any of the underlying factual allegations contained in the PSR.  The district court[*] overruled Canaday's objection.  Canaday appeals asserting the undisputed facts did not support the district court's conclusion that the guns should be included in the guideline calculation in the absence of additional evidence from the Government.  We disagree.  Contrary to Canaday's view, we have held on several occasions that unless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes.  United States v. Moser, 168 F.3d 1130, 1132 (8th Cir. 1999).

In our view, the district court did not commit clear error in finding Canaday's offense involved between three and seven firearms.  See United States v. Piggie, 316 F.3d 789, 794 (8th Cir. 2003).  It was undisputed that Canaday was the only person who burglarized the residence, the residence had been ransacked, Canaday had

---

[*]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

entered and left the residence through the garage's backdoor, and when the homeowner lifted the garage door, Canaday was in the garage with six firearms. Canaday then fled out the back door carrying another firearm. Rather than denying the underlying factual statements, Canaday contended the facts were insufficient to permit the district court reasonably to infer from them that he attempted to steal the guns. We reject this contention. Taking the underlying facts as true for the purpose of sentencing, see United States v. Young, 272 F.3d 1052, 1055 (8th Cir. 2001), we believe the district court could reasonably infer from the uncontested facts that Canaday was going to steal the six firearms when he was thwarted by the homeowner's unexpected return.

We thus affirm Canaday's sentence.

_____