# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2310

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Karl William Brubaker, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 11, 2004

Filed: April 7, 2004

_____

Before BYE, HEANEY, Circuit Judges, and HOVLAND,[1] District Judge.

_____

HEANEY, Circuit Judge.

Karl William Brubaker pled guilty to possession with the intent to distribute over 500 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A). At sentencing, he moved for a downward adjustment in his offense level due to his

_____

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota, sitting by designation.

limited role in the offense. The district court[2] denied the motion and sentenced Brubaker to 87 months of imprisonment. On appeal, Brubaker argues the district court erred in failing to grant him a mitigating role reduction. We affirm.

## BACKGROUND

On September 18, 2002, Minneapolis police officers executed a search warrant at Brubaker's apartment. In a bedroom drawer, they found a single package containing roughly 450 grams of methamphetamine that tested 92% pure. Officers found three other packages of methamphetamine hidden behind a decorative mask on Brubaker's living room wall, and two additional packages on Brubaker's living room table. The methamphetamine found in the living room totaled approximately 89 grams, and its purity was much lower than that of the larger quantity found in Brubaker's bedroom.

Brubaker admitted ownership of the smaller packages of methamphetamine, but maintained that he was only safeguarding the larger package for an unnamed person. According to him, "the large quantity that was found in the bedroom was dropped off for someone by someone for someone else, and was not mine." (Change of Plea Hr'g at 27-28.) Brubaker thus admitted guilt to the offense of possessing methamphetamine with intent to distribute it, but argued at sentencing that his role with regard to the majority of the drugs was so limited as to warrant a reduction in his offense level.

At sentencing, the government did not present any additional evidence to rebut Brubaker's assertion that he was merely a drop point for the large quantity of nearly-pure methamphetamine. Rather, it directed the court to the remaining

_____

[2]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

-2-

methamphetamine, which was packaged in a manner consistent with an intent to redistribute, and Brubaker's insinuation that he paid the rent for his apartment from the proceeds of his illicit activity. The government argued that these facts suggested Brubaker was a methamphetamine dealer, and were at least inconsistent with his claim of being a minor participant in the offense. The district court found that Brubaker had failed to present facts sufficient to warrant a role reduction, and, following other adjustments, sentenced Brubaker to 87 months of imprisonment.

## ANALYSIS

"Application of the sentencing guidelines is reviewed de novo, but factual determinations are reviewed for clear error." United States v. Nambo-Barajas, 338 F.3d 956, 963 (8th Cir. 2003). Whether a defendant qualifies for a reduction in his offense level in recognition of his minor or minimal participation in the offense is typically a question of fact. Id.; see also United States v. Field, 110 F.3d 587, 590 (8th Cir. 1997) ("Because the evaluation of a participant's status in the offense involves a factual determination, we must accept the district court's findings regarding a defendant's role in the offense unless they are clearly erroneous."). Brubaker argues that there was no dispute before the district court as to the relevant facts, only the application of the sentencing guidelines, and that we should thus review the matter de novo. Cf. United States v. McGarr, 330 F.3d 1048, 1050 (8th Cir. 2003) (reviewing the district court's application of the guidelines de novo where underlying facts were undisputed). We disagree. Although the district court was presented with uncontested evidence, it was still required to draw inferences and make factual determinations based on that evidence. Accordingly, in this case we adhere to our general rule, and we review the district court's determination as to Brubaker's role for clear error. United States v. Camacho, 348 F.3d 696, 700-01 (8th Cir. 2003).

United State Sentencing Guideline section 3B1.2 requires the district court to reduce a defendant's offense level four levels if the defendant was a minimal participant in the offense, and two levels if the defendant was a minor participant. A minimal participant is someone who is "plainly among the least culpable of those involved in the conduct of a group," USSG § 3B1.2, comment. (n.4), while a minor participant is someone "less culpable than most other participants, but whose role could not be described as minimal," id., comment. (n.5). The burden is on the defendant to prove he is eligible for a mitigating role reduction, United States v. Lopez-Arce, 267 F.3d 775, 784 (8th Cir. 2001), and the district court is not required to apply the reduction "based solely on the defendant's bare assertion," USSG § 3B1.2, comment. (n.3(C)).

Brubaker's contention that he was merely storing the large quantity of methamphetamine is based mainly on his own statement that "the large quantity that was found in the bedroom was dropped off for someone by someone for someone else, and was not mine." (Change of Plea Hr'g at 27-28.) Other than his own assertion, he adduced no evidence to support this claim. The weight and credibility of this statement was for the district court to decide, and we do not fault the district court for finding it less than compelling. Even if the district court had determined that Brubaker's possession of the large quantity of methamphetamine was transient, other factors support the conclusion that Brubaker's role was not minor: additional quantities of methamphetamine were found in his apartment; Brubaker admitted ownership of these drugs; both the large quantity that he disputes owning and the smaller packages which he admits owning were methamphetamine; the smaller quantities were packaged in a manner indicative of an intent to redistribute; and Brubaker himself was a drug dealer. Lastly, as detailed in the Presentence Report, Brubaker stated that he was allowing his apartment to be used as a drop point for the large quantity of methamphetamine so that he could purchase some methamphetamine from the owner at a discount. We find no error in the district court's determination that Brubaker did not establish he played a minor or minimal role in the offense.

## CONCLUSION

The district court did not err in finding that Brubaker did not qualify for a mitigating role reduction pursuant to United States Sentencing Guideline section 3B1.2, and we thus affirm the district court.

_____