# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3697

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Victor Simon, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 10, 2004
Filed: July 16, 2004

_____

Before WOLLMAN, HANSEN, and BYE, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Victor Simon was convicted of one count of interstate transportation of stolen property, in violation of 18 U.S.C. § 2314, and three counts of mail fraud, in violation of 18 U.S.C. § 1341, and was sentenced to serve three years' probation and pay $7,746 in restitution. He appeals, arguing that the evidence introduced at trial was insufficient as a matter of law to support his convictions or the amount of restitution imposed by the district court.[1] We affirm.

_____

[1]The Honorable John B. Jones, United States District Judge for the District of South Dakota.

## I.

Simon was employed in the quality control department of a Gateway Computers facility in Sioux Falls, South Dakota. His duties included testing computers and computer components that were returned to Gateway by their original purchasers. Simon and other Gateway employees in the quality control department had access to computers and computer components, including central processing units (CPUs). Gateway did not monitor the locations of individual computers or components in its Sioux Falls facility. Gateway did notice, however, a decrease in its overall inventory and thus initiated an internal investigation to determine why a significant number of computers and computer components were missing. Through the use of video surveillance, Gateway was able to determine that at least one employee was stealing computer components. Simon was never videotaped stealing computers or computer components. Gateway also contacted the F.B.I., which commenced a criminal investigation.

The employee who was videotaped stealing computer components, and who subsequently pleaded guilty to a number of federal crimes, told investigators that he had purchased computer components from Simon at unusually low prices, leading him to believe that Simon was also stealing from Gateway. This information, as well as additional investigation, disclosed that Simon sold numerous computers and computer components over the internet while employed at the Gateway facility in Sioux Falls. He shipped the computers and computer components to his customers via Federal Express or UPS. Ultimately, Simon was indicted and tried for stealing and selling two Gateway computers and a number of CPUs.

## II.

Simon argues first that the evidence at trial was insufficient to support the jury's conclusion that he stole the computers and CPUs and knew that they were stolen when he sold them. We review de novo the sufficiency of the evidence, viewing the evidence in the light most favorable to the verdict and upholding it if,

based on all the evidence and all reasonable inferences, any reasonable juror could find the defendant guilty beyond a reasonable doubt. United States v. Martin, 369 F.3d 1046, 1059 (8th Cir. 2004); United States v. Hamilton, 332 F.3d 1144, 1148-49 (8th Cir. 2003). This deferential standard of review does not require that the evidence exclude every hypothesis except that of guilt. Durns v. United States, 562 F.2d 542, 546 (8th Cir. 1977). Rather, it is enough that the evidence is sufficient to convince a reasonable juror that the defendant committed the charged crime. Id. Either direct or circumstantial evidence properly may provide the basis for a conviction; there is no requirement that direct evidence be adduced at trial. Id.

The evidence at Simon's trial, viewed in the light most favorable to the jury's guilty verdict, showed that the two computers were returned to the Gateway facility where Simon worked; that their internal and external identification numbers were in such a condition that it was unlikely that they passed through Gateway's normal testing process upon return; and that they were upgraded, between the time they were returned to Gateway and the time they were sold by Simon, with components bearing Gateway stickers that were not commonly available on the open market and which Simon had access to as a result of his employment at Gateway. This circumstantial evidence is consistent with the government's theory of the case – that Simon stole the computers from Gateway before they were tested, upgraded the computers with components also stolen from Gateway, and then sold the computers for personal gain. It forms a sufficient basis for a reasonable juror to find Simon guilty beyond a reasonable doubt of stealing the computers and selling them with the knowledge that they were stolen.

Similarly, the evidence adduced at trial indicated that Simon stole and sold eight CPUs. The evidence, viewed in the light most favorable to the jury's guilty verdict, showed that the manufacturer of the CPUs, Intel, did not track the disposition of individual CPUs, but rather tracked CPUs by lot; that reference to the lot number on the individual CPUs enabled Gateway's investigators and the F.B.I. to link to

Gateway eight CPUs sold by Simon; that one of the eight processors came from a lot of CPUs shipped in its entirety to Gateway and which Gateway was not authorized to resell outside of a complete computer system; that Simon also sold seven CPUs that came from lots at least portions of which were originally sold to Gateway and which Gateway was not authorized to resell outside of a complete computer system; that Simon sold numerous CPUs at such low prices that at least one purchaser was able to resell them for a significant profit; that Simon had access to these types of CPUs at Gateway's Sioux Falls facility; and that upon termination, Simon had ten CPUs at his desk even though most employees rarely had more than one. A reasonable juror could find beyond a reasonable doubt, based on this evidence, that Simon used his position at Gateway to illegally secure possession of the CPUs and then sold them for his personal gain.

## III.

Simon next argues that the district court erred in setting the amount of restitution. We review for clear error the amount of restitution ordered. United States v. Vanhorn, 344 F.3d 729, 731 (8th Cir. 2003). The amount of restitution is generally governed by the amount of loss suffered by the victim of the crime, in this case Gateway. United States v. Young, 272 F.3d 1052, 1056 (8th Cir. 2001). The amount of loss, however, need only be proven by a preponderance of the evidence. Id. Here restitution was set at $7,746. The district court valued each computer at $1,793, which was the original sales price, even though it appears that as configured the computers could have been sold for considerably more. As for the CPUs, which Gateway never sold outside of complete computer systems and therefore can be valued only as a component of a complete system, the district court concluded that Gateway lost a total of $4,160. The district court found that restitution was due for one 2.53 GHz processor worth $320, five 2.80 GHz processors worth $600 each, and two 2.66 GHz processors worth $420 each. There was no credible evidence presented to the district court calling these values into question.

Simon contends that the real value of the computers and CPUs is what he sold them for, but we are not persuaded that the district court is bound to accept, as the quantum of the victim's loss, the amount of money a convicted thief is willing to accept to part with his stolen goods. The district court's computation of the amount of restitution was not clearly erroneous.

The judgment of conviction is affirmed, as is the restitution order.

_____