# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2421

_____

United States of America,

    Appellee,

v.

Alejandro Cruz-Padilla,

    Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Northern District of Iowa
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: June 14, 2005
Filed: July 11, 2005

_____

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Alejandro Cruz-Padilla appeals from the final order entered in the District Court[1] for the Northern District of Iowa denying his 28 U.S.C. § 2255 motion. For reversal, Cruz-Padilla argues the district court erred in not finding his counsel was ineffective at sentencing for failing to move for a role reduction under U.S.S.G. § 3B1.2. For the reasons discussed below, we affirm the judgment of the district court.

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

A district court's decision on a habeas claim of ineffective assistance of counsel presents a mixed question of law and fact. We review the legal issue de novo and the underlying predicate facts for clear error. See Covey v. United States, 377 F.3d 903, 906 (8th Cir. 2004).

To prevail on his ineffective-assistance claim, Cruz-Padilla had to show that counsel's performance at sentencing was both objectively unreasonable and prejudicial to his defense; establishing prejudice means showing that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 687-89, 694 (1984). We conclude that Cruz-Padilla failed to show prejudice. Specifically, we agree with the district court that the trial evidence indicated that Cruz-Padilla was not a minor or minimal participant in the drug-conspiracy and drug-possession offenses of which the jury found him guilty. Of note, Cruz-Padilla arrived at a controlled buy in a minivan containing the requested amount of methamphetamine and the cell phone that had been used to contact him about the buy; and officers found drugs, a large amount of cash, and drug packaging materials at Cruz-Padilla's residence. Cf. United States v. Thurmon, 368 F.3d 848, 852 (8th Cir. 2004) (§ 3B1.2 role reduction was not warranted where defendant escorted confidential informant to seller's apartment to purchase drugs and arranged for undercover agent to make drug purchase at defendant's residence); United States v. Brubaker, 362 F.3d 1068, 1071 (8th Cir. 2004) (defendant did not qualify for § 3B1.2 reduction because, inter alia, additional quantities of methamphetamine--packaged in manner consistent with distribution-- were found in defendant's apartment, and defendant admitted owning them).

Accordingly, we affirm.

_____