# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1587

_____

United States of America,      *
                               *
            Appellee,          *
                               *      Appeal from the United States
      v.                       *      District Court for the
                               *      Eastern District of Arkansas.
Felicia Marie Balentine,       *
                               *      [UNPUBLISHED]
            Appellant.         *


_____

Submitted: March 16, 2007
Filed: March 22, 2007

_____

Before COLLOTON, HANSEN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Felicia Balentine appeals the 20-month sentence she received following her guilty plea to bank burglary in violation of 18 U.S.C. § 2113(a), arguing that the district court[1] erred in giving her a two-level enhancement for more than minimal planning under United States Sentencing Guidelines Manual (USSG) § 2B2.1(b)(1) (2004). We affirm.

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

Balentine worked as a teller at Regions Bank in Wynne, Arkansas. When she telephoned her supervisor to report in sick on March 10, 2005, she was informed that her teller drawer was short by $1,600. Balentine called her boyfriend in Bowling Green, Kentucky, later that day, telling him that her situation "looked hopeless" and that money in the bank was "there for the taking." She told him she had the combination to the vault and the alarm code. Her boyfriend agreed to come to Wynne, and Balentine wired $200 to him for the trip. She also purchased latex gloves to use in the planned burglary.

Balentine and her boyfriend waited until after 5:00 a.m. on March 11, 2005, to go to the bank because Balentine knew the vault was inaccessible before that time. She used her employee security code to disable the alarm to the bank, took keys to the vault from her supervisor's desk, and disarmed the vault alarm. She placed cash from the vault into a backpack and gave the pack, along with the teller drawers that were located in another vault, to her boyfriend, who was waiting outside. Balentine used a letter opener to remove the surveillance tape from the president's office and destroyed the tape. Balentine stole nearly $147,000 from the bank.

After leaving the bank, Balentine and her boyfriend drove to Forest City, Arkansas, where they pried open the teller drawers and removed the cash. They threw the empty drawers, as well as consecutively numbered fifty dollar bills that Balentine thought was bait money, into a ditch. The pair drove throughout the western United States and was ultimately arrested in Gold Beach, Oregon, on March 25, 2005.

Balentine pleaded guilty to bank burglary. At sentencing, the district court overruled Balentine's objection to a two-level enhancement for more than minimal planning. With the two-level enhancement, Balentine faced an advisory Guidelines range of 18 to 24 months. The district court sentenced Balentine to 20 months of imprisonment, and Balentine appeals the sentence.

We review the district court's interpretation of the Guidelines *de novo* and its findings of fact for clear error. See United States v. Rouillard, 474 F.3d 551, 555 (8th Cir. 2007). "Whether [Balentine] engaged in more than minimal planning is a fact question reviewed only for clear error." United States v. Young, 272 F.3d 1052, 1055 (8th Cir. 2001); see also United States v. Brubaker, 362 F.3d 1068, 1070 (8th Cir. 2004) (reviewing district court's determination of defendant's role in the offense for clear error because district court was required to draw inferences and make factual determinations based on uncontested evidence); United States v. Bush, 352 F.3d 1177, 1184 (8th Cir. 2003) ("[T]he assessment of whether given facts should result in an adjustment is entrusted to the district court's discretion and should be given deference."). But see United States v. Finck, 407 F.3d 908, 913 (8th Cir.) (reviewing *de novo* "whether the district court correctly applied the guidelines when it determined those [uncontested] facts constituted sophisticated means." (internal marks and footnote omitted)), cert. denied, 126 S. Ct. 282 (2005).[2]

According to the Guidelines commentary, "'[m]ore than minimal planning' means more planning than is typical for commission of the offense in a simple form, . . . [and] exists if significant affirmative steps were taken to conceal the offense." USSG § 2B2.1, comment. (n.4). The commentary offers as an example the disabling of an alarm system. Id. We have no doubt that Balentine's burglary involved more than minimal planning. The offense in simplest form required only that an individual enter a bank with the intent to commit a felony. See § 2113(a). Balentine's planning was much more extensive than that required to enter a bank with the intent of taking money. She purchased latex gloves before the burglary, wired money to her accomplice so that he could assist with the burglary, waited until after 5:00 a.m. when the vault would be accessible, disabled both the bank's exterior alarm and the vault's alarm, destroyed the surveillance tape, and disposed of the teller drawers and the bait

---

[2]Our analysis would reach the same conclusion under a *de novo* review, and we merely note the divergent standards.

money in another town.  The district court did not err, clearly or otherwise, in applying the two-level enhancement for more than minimal planning. <u>See</u> <u>Young</u>, 272 F.3d at 1055 (affirming application of enhancement for more than minimal planning where defendant walked twelve miles to commit a larceny, climbed a tree and used a crowbar to obtain access to the locked building, and concealed stolen merchandise in an abandoned house); <u>United States v. Culver</u>, 929 F.2d 389, 393 (8th Cir. 1991) (purchase of disguises was sufficient to satisfy enhancement).

The district court's judgment is affirmed.

_____