# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-1178

———————

United States of America,        *
                                           *

        Plaintiff - Appellee,     *   On Appeal from the United

                                         *   States District Court for the

     v.                          *   District of Minnesota.

                                         *

Angelo Mancini, III,         *

                                       *

        Defendant - Appellant.   *

———————

Submitted: October 19, 2010
Filed: November 12, 2010

———————

Before MURPHY, BEAM, and BENTON, Circuit Judges.

———————

MURPHY, Circuit Judge.

Angelo Mancini pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, for material misstatements made in a mortgage application. At sentencing, the district court[1] found that Mancini's offense had resulted in a total loss of $44,200 to Mortgage Guarantee Insurance Corporation (Mortgage Guarantee). This loss amount increased Mancini's offense level by six levels, see U.S.S.G. § 2B1.1(b)(1), resulting in an advisory guideline range of twelve to eighteen months. The court sentenced Mancini to twelve months and one day and ordered him to pay restitution

———————

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

of $44,200. Mancini appeals the district court's sentence and restitution order. We affirm.

In September 2006, Mancini, then a loan officer with City Mortgage in St. Paul, Minnesota, applied for a mortgage refinance loan through City Mortgage on a rental property he owned. Mancini falsely stated on the mortgage application that he was employed by Ohlson Landscaping in St. Paul as a Landscaping Manager and that his income was $4,760 per month. He had actually only worked part time at Ohlson Landscaping and had earned approximately $2,000 the entire time he worked for the company. The loan was approved, and in November 2006 the lender disbursed $165,750 in loan funds.

Mancini became delinquent in his payments and the rental property was foreclosed in January 2008. At the time of the foreclosure, Mancini owed about $183,900 on the property. The property was sold for $121,550, resulting in a loss to the lender of $62,350. After a reduction for fees, penalties, and interest, the net loss to the lender was $44,200. Mancini's mortgage insurance company, Mortgage Guarantee, paid the lender $44,200.

Mancini was charged with and pled guilty to wire fraud based on the false statements he had made in the mortgage application. At sentencing the government requested a loss and restitution amount of $44,200. Mancini requested a loss and restitution amount of zero, arguing that the only victim of his wire fraud was the mortgage lender and that the lender had been made whole by the payment from his insurer. The district court rejected Mancini's argument, found that both the mortgage lender and insurer were victims of his offense, and determined the loss amount to be $44,200. The court sentenced Mancini to twelve months and one day and ordered him to pay Mortgage Guarantee $44,200 in restitution. Mancini appeals both actions.

On appeal, Mancini challenges the district court's loss calculation, arguing that Mortgage Guarantee should not have been considered a victim of his offense for the purpose of loss determination and sentencing. We review a district court's interpretation of the guidelines de novo and its loss calculation for clear error. United States v. Miller, 588 F.3d 560, 565 (8th Cir. 2009). We will affirm the court's loss determination "unless it is not supported by substantial evidence, was based on an erroneous view of the law, or [we have] a firm conviction that there was a mistake after reviewing the entire record." United States v. Hodge, 588 F.3d 970, 973 (8th Cir. 2009).

Although we have not yet had occasion to address the situation presented here, the First, Third, Seventh, and Eleventh Circuits have all concluded that loss resulting from a mortgage fraud includes loss to the mortgage insurer. These courts agree in the principle that "[t]he loss to the insurance company is . . . a direct loss that [is] properly included within the loss calculations." United States v. Jimenez, 513 F.3d 62, 87 (3d Cir. 2008), because "insurance simply shifts the loss to another victim (the insurance company)." United States v. Alegria, 192 F.3d 179, 191 (1st Cir. 1999); see also United States v. Castellano, 349 F.3d 483, 484 (7th Cir. 2003); United States v. Daniels, 148 F.3d 1260, 1262 (11th Cir. 1998) (per curiam).

The approach taken by these courts and followed below is consistent with the guidelines, which define a "victim" for the purpose of calculating loss as "any person who sustained any part of actual loss determined under subsection (b)(1)." U.S.S.G. § 2B1.1 app. n.1. "Actual loss" is defined as "the reasonably foreseeable pecuniary harm that resulted from the offense," U.S.S.G. § 2B1.1 app. n.3(A)(i), harm that the defendant "reasonably should have known[] was a potential result of the offense." U.S.S.G. § 2B1.1 app. n.3(A)(iv). Here, the loss to Mortgage Guarantee flowed as directly from Mancini's fraud as the default on the loan which caused the lender's loss. Mancini's mortgage fraud resulted in his qualifying for a loan which he could not

afford. He thus "reasonably should have known" that the fraud had the potential, if not the likelihood, to result in his mortgage insurer having to make a payout.

Based on the guidelines and the well reasoned case law cited above, we conclude that the district court correctly interpreted the guidelines when it determined that Mortgage Guarantee was a victim of Mancini's fraud. The court also did not clearly err in calculating the loss amount from his fraud to be $44,200, the amount paid out by the insurer. The six level increase to Mancini's offense level, for a loss exceeding $30,000 but less than $70,000, was appropriately applied. U.S.S.G. § 2B1.1(b)(1).

Mancini also challenges the district court's award of $44,200 in restitution to Mortgage Guarantee, arguing that the insurer does not qualify as a victim under the Mandatory Victims Restitution Act (MVRA). 18 U.S.C. §§ 3663A–3664. "We review a restitution order for abuse of discretion and the district court's application of the restitution statute de novo." United States v. Bryant, 606 F.3d 912, 922 (8th Cir. 2010). The MVRA requires certain defendants, including those who commit wire fraud, to make restitution to victims. Under § 3664 of the Act, the court must order restitution be paid directly to an insurer if there was a "victim" within the meaning of the MVRA and if the insurer compensated the victim for some or all of its loss. 18 U.S.C. § 3664(j)(1); United States v. Searing, 250 F.3d 665, 668 (8th Cir. 2001). Mancini does not contest that his lender was a victim of his fraud or that Mortgage Guarantee compensated the lender for the resulting loss. Thus, we conclude that under the plain wording of the MVRA the district court properly applied the restitution statute and did not abuse its discretion in ordering Mancini to pay $44,200 in restitution to Mortgage Guarantee.

Accordingly, we affirm the judgment of the district court.

_____