**Adam STARCHILD, Appellant.**

v.

**FEDERAL BUREAU OF PRISONS, Appellee.**

**No. 90–5366.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 5, 1992.

Decided Aug. 19, 1992.

Accordingly, the district court order is affirmed.

Adam Starchild, pro se.

John Lee, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before McMILLIAN, WOLLMAN, and BEAM, Circuit Judges.

McMILLIAN, Circuit Judge.

Adam Starchild, a federal prisoner, appeals from the final order entered in the District Court[1] for the District of Minnesota denying his 28 U.S.C. § 2241 application for a writ of habeas corpus. We affirm.

Starchild sought credit toward his sentence for the time spent on bond under a "highly restricted house arrest" from March 18, 1986 (before his conviction), until September 25, 1986, when he began serving concurrent sentences for mail fraud. Starchild alleged that he was not allowed to leave the house except to go the probation office or court, and his two custodians (who were responsible to the court for his supervision) were required to be with him twenty-four hours per day. Starchild argues that the restrictions imposed on him turned his house into the functional equivalent of a jail.

In *Moreland v. United States*, 968 F.2d 655 (8th Cir.1992) (en banc), this court deferred to the Bureau of Prisons in holding that only time spent in a jail-type facility was creditable as jail time, and that a halfway house was not a jail-type facility. A private residence is not a jail-type facility, either. Thus, *Moreland* compels us to conclude that Starchild is not entitled to credit for time spent under house arrest, however restrictive the conditions. *See also United States v. Wickman*, 955 F.2d 592 (8th Cir. 1992) (per curiam) (en banc).

---

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.