# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-1130

_____

United States of America,       *

                                *

          Appellee,      *

                                *     Appeal from the United States

      v.                    *     District Court for the

                                *     District of Nebraska.

John Dewey Lim, also known as   *

Jeff Kurosawa, also known as    *

Miyamato Sato,              *

                                *

         Appellant.     *

_____

Submitted: October 19, 2000

Filed: November 15, 2000

_____

Before HANSEN, MURPHY, and BYE, Circuit Judges.

_____

HANSEN, Circuit Judge.

John Dewey Lim appeals his sentence. He pleaded guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341. At sentencing, the district court imposed a 57-month term of imprisonment. In calculating Lim's offense level under the 1998 version of the United States Sentencing Guidelines (USSG), the district court assessed a two-level increase for more than minimal planning and a two-level increase for Lim's role in the offense as a manager or leader. The district court denied any adjustment for

acceptance of responsibility. Additionally, the court overruled Lim's objection to his criminal history calculation and denied his request for a downward departure on the ground that his criminal history calculation overrepresented his criminal conduct. On appeal, Lim argues that the district court erred in each of these sentencing calculations.

While residing in Kansas City, Missouri, Lim submitted two credit applications with Borsheims Jewelry in Omaha, Nebraska. One application was in the name of Jeffrey Kurosawa and the other in the name of Miyamato Sato. In both, he represented he was a man of considerable means. Through the fraudulent credit accounts, Lim made eight separate purchases of jewelry with a total value of $109,180. He made only a single $100 payment on the accounts, and the jewelry was never recovered.

Borsheims Jewelry brought a civil suit against Lim to recover the missing jewelry. During a deposition taken in furtherance of that suit, Lim admitted that either he or an agent ordered nearly all of the jewelry at issue. At that time, Lim represented that he knew, but refused to identify, the person or persons holding the jewelry. He indicated that he was willing and able to return the merchandise in exchange for a deal that would protect the person who returned it and protect Lim himself from any sort of criminal prosecution. No such deal was realized, and Lim never aided in the recovery of the jewelry.

A grand jury returned a federal indictment against Lim charging him with eight counts of mail fraud, in violation of 18 U.S.C. § 1341; and two counts of wire fraud, in violation of 18 U.S.C. § 1343. Lim agreed to plead guilty to Count I, a mail fraud charge, and the government dismissed the remaining nine counts of the indictment with a stipulation from Lim that all the conduct referenced in the indictment is relevant conduct for purposes of the Sentencing Guidelines and for determining restitution. The district court sentenced Lim to 57 months of imprisonment and ordered restitution in

the amount of $109,180, with interest. Lim appeals several sentencing calculations and findings made by the district court.

Lim first challenges the district court's finding that the offense involved more than minimal planning. See USSG § 2F1.1(b)(2)(A) (Nov. 1998) (prescribing a two-level increase for more than minimal planning). "We review a district court's finding of more than minimal planning for clear error." United States v. Moser, 168 F.3d 1130, 1132 (8th Cir. 1999). The district court found that this crime involved Lim making false financial statements, opening credit accounts under two different names (neither of which was his own), and eight separate purchases of jewelry under the false accounts. "More than minimal planning is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." USSG § 1B1.1, comment. (n.1(f)). The fact that Borsheims Jewelry kept sending jewelry ordered by either Lim or an agent on the fraudulent credit accounts and that Lim kept accepting the jewelry without making payment did not create a "purely opportune" circumstance. Instead, it indicates criminal actions by design. We find no clear error in the district court's finding that "this offense clearly involved more than minimal planning." (Sent. Tr. at 81.)

Second, Lim argues that the district court erred by determining that he was a leader or manager of the criminal activity. See USSG § 3B1.1(c) (prescribing a two-level increase for being an organizer, manager, leader, or supervisor in criminal activity). We review the district court's findings of historical fact for clear error and conclusions on issues of law de novo. See United States v. Bahena, 223 F.3d 797, 804 (8th Cir. 2000). While the ultimate determination may be a mixed question of law and fact, which we review de novo, we nevertheless give due deference to inferences properly drawn from the facts by district judges. Id. at 804 n.1. The district court found that Lim was supervising an agent, whom Lim said in a deposition had ordered some of the jewelry, and that someone was storing the goods for him. The court found that it "strains credulity" to think that those people were not participants in the offense.

3

(Sent. Tr. at 82.) We conclude the district court did not clearly err in crediting Lim's own deposition testimony that an agent placed some of the jewelry orders and that someone else was holding the goods for him. See United States v. Garrison, 168 F.3d 1089, 1095-96 (8th Cir.1999) (holding that this enhancement is applicable if defendant supervised even one other participant or managed even a single transaction). The district court did not clearly err in finding that Lim acted as a manager or supervisor.

Third, Lim contends that the district court erred by not granting his motion for a downward departure, which was premised on the contention that his criminal history category overstated the seriousness of his prior criminal conduct. See USSG § 4A1.3 (permitting a downward departure if the court concludes that a defendant's criminal history category significantly overrepresents the seriousness of the defendant's criminal history). It is well-settled in this circuit that the discretionary denial of a downward departure is not reviewable, unless the district court determined that it lacked authority to consider a particular mitigating factor. See United States v. Correa, 167 F.3d 414, 417 (8th Cir. 1999). There is no indication in this record that the district court did not recognize its authority to depart in this situation. In argument and in his motion, Lim's counsel referenced USSG § 4A1.3, which specifically authorizes such a departure if the district court finds it is warranted. (See Sent. Tr. at 88.) In ruling on the motion, the district court did not state a belief that it lacked authority to depart but instead concluded that the criminal history calculation in this case does not overrepresent the defendant's criminal history. (See id. at 105.) Thus, the district court's discretionary refusal to depart is not reviewable.

Finally, Lim contends that the district court erred by denying him an adjustment for acceptance of responsibility. We review this decision for clear error, and as a question of fact, we will not reverse the district court "unless its conclusions are without foundation." United States v. Goings, 200 F.3d 539, 544 (8th Cir. 2000) (internal quotations omitted). A district court may adjust a defendant's offense level downward if the defendant clearly demonstrates an acceptance of responsibility for his

offense.  See USSG § 3E1.1.  "[A] defendant is not automatically entitled to a reduction for acceptance of responsibility on the basis of having entered a guilty plea." Goings, 200 F.3d at 544.  On the other hand, the entry of a plea of guilty prior to trial, combined  with truthfully admitting the conduct of the offense and either admitting or not denying any additional relevant conduct, constitutes significant evidence of acceptance of responsibility.  See USSG § 3E1.1, comment. (n.3).  "However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility."  Id.

In this case, although Lim pleaded guilty and truthfully admitted guilt to all relevant conduct, he firmly refused to assist in any way with the recovery of the jewelry that he obtained through his crimes and secreted away.  Furthermore, Lim's statement to the court at sentencing evidenced no remorse.  Lim's tone with the court was that of a spoiled child being refused something to which he believed he was entitled.  Lim stated, "I'm just flabbergasted that after living my life the way I have, after accepting responsibility . . . that now at this point, the end result will be zero."  (Sent. Tr. at 99.) Following Lim's long and defiant statement to the court, the district court noted that this "defendant is as brash and as arrogant as a defendant has ever appeared before me.  He acts as if he ought to be given a medal for what he's done here.  He has absolutely no remorse for what he's done, none."  (Id. at 105.)  We conclude that the district court's findings are supported by the record and are not clearly erroneous.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

5