# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2998

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Jack Randall Foster, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 13, 2001

Filed: March 22, 2001

_____

Before RICHARD S. ARNOLD and FAGG, Circuit Judges, and MONTGOMERY,* District Judge.

_____

PER CURIAM.

Jack Randall Foster pleaded guilty to health care fraud and money laundering under a written plea agreement requiring him to provide truthful information and documents concerning the offenses. The Government determined some of the documents Foster provided were not authentic, and moved to vacate the agreement. After a hearing, the district court granted the Government's motion. Foster was

_____

*The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota, sitting by designation.

sentenced to eighty-seven months in prison. Foster raises three Sentencing Guidelines issues on appeal. Foster concedes he did not raise the issues in the district court, so we review only for plain error. See United States v. Eads, 144 F.3d 1151, 1154 (8th Cir. 1998).

First, Foster challenges the district court's denial of a three-level reduction for acceptance of responsibility. See U.S.S.G. § 3E1.1. The district court did not commit plain error in denying the reduction because Foster's conduct after his guilty plea was inconsistent with acceptance of responsibility. See United States v. Lim, 235 F.3d 382, 385 (8th Cir. 2000). Between the plea and the sentencing hearing, Foster made false statements to federal agents and submitted false documents to them. Although the plea agreement provided that Foster would receive the reduction, the Government's agreement was contingent on Foster's compliance.

Second, Foster contests the application of a two-level aggravating role enhancement because he was the sole participant in his offense and thus did not organize, lead, manage, or supervise any other participant. See U.S.S.G. § 3B1.1(c) & n.2. Because Foster did not object to the presentence report's recommendation of this enhancement, the district court could rely on the report's recommendation, and the Government was not required to submit evidence. See United States v. Montanye, 996 F.2d 190, 192-93 (8th Cir. 1993) (en banc). The district court did not commit plain error in applying the aggravating role enhancement.

Last, Foster asserts the district court committed plain error by enhancing his offense level for obstruction of justice. See U.S.S.G. § 3C1.1. The Government concedes a remand is necessary on this issue, and believes the district court mistakenly referred to paragraph 21 of the presentence report, when the court meant to refer to paragraph 24. Because we cannot determine the court's intention from the record, we remand for reconsideration of the obstruction of justice enhancement.

We thus affirm in part and reverse and remand in part.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-