# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2194

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Lawrence Sedric Rowan, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  February 13, 2002

Filed:  February 20, 2002

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Lawrence Sedric Rowan was charged with four counts of federal drug law violations after federal officials uncovered a drug conspiracy.  Rowan hired an attorney who already represented one of Rowan's co-defendants, so the district court[*] conducted a hearing and determined a conflict did not exist.  Rowan then signed a conflict waiver.  With his attorney's assistance, Rowan pleaded guilty to possessing

_____

[*]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

approximately one kilogram of cocaine with intent to distribute it. Rowan's written plea agreement also stipulated that approximately 452 grams of crack cocaine would be considered relevant conduct during Rowan's sentencing. Rowan told the court he understood and consented to this agreement, and the court sentenced Rowan to 151 months in prison. Rowan appeals, challenging his sentence and his conviction.

Rowan contends the district court abused its discretion because it failed to consider Rowan's request for a downward sentencing departure under U.S.S.G. § 4A1.3 (allowing a departure when the defendant's criminal history category significantly overrepresents the seriousness of the defendant's criminal history). At sentencing, the court heard both parties' arguments regarding the propriety of departure and then denied Rowan's request, stating: "The court has imposed this sentence within the range applicable to you for this offense because it finds the facts to be the kind contemplated by the guidelines." Because the district court concluded Rowan's case fell within the guidelines' heartland and did not indicate it lacked the authority to depart from the guidelines, we assume the district court recognized its authority to grant a downward departure and declined to do so. See United States v. Correa, 167 F.3d 414, 417 (8th Cir. 1999). Thus, we cannot review the district court's decision. See United States v. Lim, 235 F.3d 382, 385 (8th Cir. 2000).

Rowan raises three pro se challenges to his conviction, but we cannot reach the merits of these issues, either. First, Rowan's claim that he was prejudiced by ineffective assistance of counsel because of his attorney's actual conflict relies on allegations outside the record and is more appropriately raised in a collateral proceeding. See United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995). Second, Rowan's claim that his guilty plea was involuntary is unreviewable because it was not raised in the district court. See United States v. Arps, 197 F.3d 1202, 1203 (8th Cir. 1999) (per curiam). Third, Rowan's claim that the district court wrongly held him responsible for the 452 grams of crack cocaine during sentencing is rejected because, in his written plea agreement, Rowan explicitly and voluntarily consented to

consideration of this drug quantity during his sentencing.  See <u>United States v.</u> <u>Nguyen</u>, 46 F.3d 781, 783 (8th Cir. 1995).

In sum, we affirm Rowan's sentence and conviction, and deny his motion to supplement the record.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.