# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3027

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Earl M. Treadway, | * | District of Nebraska. |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 14, 2002
Filed:  May 20, 2002

_____

Before McMILLIAN, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Earl M. Treadway pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a).  The district court[1] sentenced him to 72 months imprisonment and 3 years supervised release.  The court made the new prison term consecutive to Treadway's undischarged 36-month term for a prior bank robbery and concurrent with his undischarged 60-month term for possessing a firearm during the prior bank robbery.  On appeal, Treadway's counsel has filed a brief and moved to withdraw under Anders v. California, 386 U.S. 738 (1967), and Treadway has filed a pro se supplemental

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

brief and moved for appointment of substitute counsel. For the reasons discussed below, we reject seriatim the arguments raised by Treadway and his counsel.

First, because the district court recognized its authority to depart on the ground Treadway raised--extraordinary physical impairment--its discretionary decision not to depart is unreviewable on appeal. See United States v. Lim, 235 F.3d 382, 385 (8th Cir. 2000). Second, the court did not abuse its discretion in deciding whether to make the new sentence consecutive or concurrent. See United States v. Mayotte, 249 F.3d 797, 799 (8th Cir. 2001) (per curiam). Third, the court did not plainly err in applying a weapon enhancement because it was entitled to rely on the unobjected-to facts in the presentence report showing that Treadway possessed and displayed a firearm during the bank robbery. See Fed. R. Crim. P. 32(b)(6)(D); United States v. Rodamaker, 56 F.3d 898, 902 (8th Cir. 1995). Fourth, Treadway's challenge to his criminal history score fails because he misunderstands the definition of a "prior sentence." See U.S.S.G. § 4A1.2, comment. (n.1).

Fifth, Treadway was not entitled to sentence credit for the time he spent in home confinement between his indictment and his conviction. See Starchild v. Fed. Bureau of Prisons, 973 F.2d 610, 611 (8th Cir. 1992). Sixth, there is no indication in the record that the government breached the plea agreement. Seventh, Treadway's claims of ineffective assistance of counsel should be presented, if at all, in a 28 U.S.C. § 2255 motion. See United States v. Clayton, 210 F.3d 841, 845 n.4 (8th Cir. 2000). Finally, we deny Treadway's motion for appointment of new counsel.

After reviewing the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.