# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2703
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Arkansas |
| Raymond Rufino Montez, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:   February 7, 2003

Filed:   March 5, 2003

_____

Before McMILLIAN, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Raymond Rufino Montez appeals from the final judgment entered in the District Court[1] for the Western District of Arkansas after he pleaded guilty pursuant to a written plea agreement to distributing 50 grams or more of methamphetamine mixture, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii).  The district court sentenced Montez to 108 months imprisonment and 5 years supervised release.  His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S.

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

738 (1967), raising for reversal the district court's drug quantity determination and refusal to grant a downward departure. For the reasons discussed below, we affirm.

The district court did not plainly err by considering--as contemplated by the plea agreement--drug quantities from Montez's relevant conduct when determining his base offense level. See U.S.S.G. §§ 1B1.3 (relevant conduct includes acts and omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction"), 2D1.1, comment. (n.12) (court may consider as relevant conduct "quantities of drugs not specified in the count of conviction"); United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (standard of review). Further, the district court's discretionary refusal to depart downward is unreviewable on appeal. See United States v. Lim, 235 F.3d 382, 385 (8th Cir. 2000).

Having found no nonfrivolous issues following our independent review of the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we grant counsel's motion to withdraw.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.