# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1988

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Mario Flamenco, | * | Western District of Arkansas. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |
| | * | |

_____

Submitted: January 27, 2004
Filed: February 5, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

A jury found Mario Flamenco guilty of one count of conspiring to distribute methamphetamine and one count of aiding and abetting the possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and 846, and 18 U.S.C. § 2. The district court[1] sentenced him to concurrent prison terms of 121 months followed by concurrent supervised release terms of 3 and 4 years. On appeal, counsel has moved to withdraw and has filed a

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), raising as issues whether the district court erred in sentencing Flamenco when it denied a downward departure and refused to find him eligible for a drug-treatment program, and erred at trial when it made adverse evidentiary rulings and refused to give certain jury instructions.

The district court stated that it would not exercise its discretion to grant a downward departure based on Flamenco's deportable-alien status; that decision is unreviewable, <u>see</u> <u>United States v. Lim</u>, 235 F.3d 382, 385 (8th Cir. 2000). A careful review of the trial transcript shows that the district court's conclusion that Flamenco's offense was a serious drug trafficking offense precluding a departure for aberrant behavior under U.S.S.G. § 5K2.20 is correct. Flamenco cannot meet the requirement of U.S.S.G. § 5C1.2(a)(5). We conclude the district court did not err in leaving the drug-treatment determination to the Bureau of Prisons, <u>see</u> 18 U.S.C. § 3621(b); did not abuse its discretion in any of its evidentiary rulings, <u>see</u> <u>United States v. Claxton</u>, 276 F.3d 420, 422 (8th Cir. 2002) (standard of review); and did not err in denying Flamenco's requests for jury instructions, <u>see</u> <u>United States v. Lalley</u>, 257 F.3d 751, 755 (8th Cir. 2001) (instructions as a whole must fairly and adequately submit issues to jury; court will reverse only if error affected defendant's substantial rights).

Following our independent review, <u>see</u> <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____