# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3666

_____

United States of America,          *
                                   *
             Appellee,             *
                                   *      Appeal from the United States
      v.                           *      District Court for the District of
                                   *      South Dakota.
Dean Little Hawk,                  *
                                   *
             Appellant.            *


_____

Submitted: April 18, 2006
Filed: June 6, 2006

_____

Before MURPHY, MELLOY and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Dean Little Hawk pled guilty to one count of assault resulting in serious bodily injury in violation of 18 U.S.C. § 1153 and 113(a)(6). The district court[1] sentenced Little Hawk to 60 months' imprisonment. Little Hawk appeals the sentence. For the reasons discussed below, we affirm.[2]

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

[2]Because the Government withdrew at oral argument its motion to dismiss the appeal, that motion no longer is before us.

## I. BACKGROUND

Little Hawk was charged with assault following the November 25, 2003 bathwater burning of his two-year-old daughter at his mother's residence on the Cheyenne River Sioux Tribe Indian Reservation in Iron Lightning, South Dakota. Upset that the toddler soiled herself, Little Hawk drew a steaming bath and forcibly held the unclothed girl on her back in the bathtub. He then left the child unattended, trapped in the scalding water, for several minutes. As a result, the girl suffered first- and second-degree burns on her feet, calves, thighs, buttocks, back, shoulder and right ear. The injuries were so severe that she was hospitalized for three weeks and underwent multiple painful medical procedures, including blood transfusions, wound debridement and skin grafting. She will have permanent scarring.

Sentencing in the period between *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), the district court held that the United States Sentencing Guidelines were unconstitutional and would be used merely for guidance in sentencing. The Presentence Investigation Report ("PSR") calculated a total offense level of 20, including a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, and a criminal history level of I, resulting in a recommended guidelines range of 33 to 41 months. The district court, however, denied the three-level reduction for acceptance of responsibility and calculated a total offense level of 23, resulting in a guidelines range of 46 to 57 months. After advising counsel in a presentencing memorandum that it was considering a U.S.S.G. § 5K2.8 upward departure due to "unusually heinous, cruel, or brutal conduct, including, in effect, torture of the victim, gratuitous infliction of injury, or prolonging of pain or humiliation," the district court sentenced Little Hawk to 60 months' imprisonment. On appeal, Little Hawk challenges his sentence on several grounds.

## II. DISCUSSION

Little Hawk argues that the district court erred by denying him credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. "A district court's factual

determination on whether a defendant has demonstrated acceptance of responsibility is entitled to great deference and should be reversed only if it is so clearly erroneous as to be without foundation." *United States v. Annis*, No. 05-3521, slip op. at 7 (8th Cir. May 8, 2006) (citation omitted).

To be eligible for a reduction under U.S.S.G. § 3E1.1, "the defendant must accept responsibility for *all* of the conduct that is part of his conviction. The defendant may not minimize conduct or partially accept responsibility." *United States v. Erhart*, 415 F.3d 965, 971 (8th Cir. 2005). The district court found that a § 3E1.1 reduction was not warranted because, despite Little Hawk's guilty plea and purported acceptance of responsibility, Little Hawk minimized the crime and his responsibility for it. Portions of the PSR to which Little Hawk did not object show that Little Hawk's acceptance of responsibility was equivocal and hedged with excuses for his behavior. While admitting that he knew the water was hot, Little Hawk also claimed that "he did not mean to hurt the child." He made the incredible assertion that his daughter did not cry during the scalding or during transport to the hospital. At sentencing, Little Hawk attributed the assault to the fact that he "jumped into fatherhood . . . too soon." Given this, the district court did not clearly err by not crediting Little Hawk for acceptance of responsibility.[3]

Additionally, Little Hawk argues that his sentence, including the three months that exceeded the guidelines range, was unreasonable. We review the reasonableness of a sentence for abuse of discretion. *United States v. Sitting Bear*, 436 F.3d 929, 935 (8th Cir. 2006).

---

[3] In his reply brief, Little Hawk also suggests that the Government breached the plea agreement by failing to recommend that Little Hawk receive credit for acceptance of responsibility. However, the plea agreement provided that the Government was not required to make such a recommendation if there was "significant evidence disclosed in the presentence investigation" indicating a lack of acceptance of responsibility. For the reasons we discussed in affirming the district court's denial of a § 3E1.1 departure, we find that there was sufficient evidence in the PSR to indicate a lack of acceptance of responsibility and that the Government was not bound to recommend the reduction.

Little Hawk first claims that his sentence was unreasonable because it was a product of the district court's emotion, rather than a result of proper judicial reasoning. In support of his argument, Little Hawk cites to the district court's characterization of the crime as "torture." Although "torture" can be an extreme characterization, it also is a ground for an upward departure from the guidelines range. U.S.S.G. § 5K2.8. In a presentencing memorandum to counsel dated August 31, 2004, the district court advised that it was considering an upward departure under U.S.S.G. § 5K2.8. At sentencing, the district court found that the crime was a heinous act constituting torture. It is clear that the district court's use of the word "torture" was not emotional hyperbole but was a deliberate finding of fact in support of the sentence. In addition, Little Hawk points to a comment in which the district court mentioned the possible punishment for such an offense under Iranian law. However, the district court also specifically rejected talionic retribution, noting that "we don't do things like that here." Accordingly, the district court's comment demonstrated that the court was committed to following the applicable law and is not evidence that the court was improperly influenced by emotion.

Little Hawk also claims that his sentence was unreasonable because the district court failed to consider the 18 U.S.C. § 3553(a) factors. The district court abuses its discretion by failing to consider a relevant § 3553(a) factor, giving significant weight to an improper or irrelevant factor, or by making a clear error of judgment in the weighing of the proper factors. *Sitting Bear*, 436 F.3d at 935. However, the district court is not required to provide a mechanical recitation of the § 3553(a) factors when determining a sentence. *United States v. Cadenas*, 445 F.3d 1091, 1094 (8th Cir. 2006). Rather, it simply must be clear from the record that the district court actually considered the § 3553(a) factors in determining the sentence. *Id.*

The record shows that the district court considered and applied the § 3553(a) factors. The district court discussed at sentencing several § 3553(a) factors, including the nature and circumstances of the offense (characterizing the attack as "inexcusable") and the characteristics of the defendant (including Little Hawk's continued denial of knowledge regarding the temperature of the water and his

indifference to the girl's cries during the assault), § 3553(a)(1), as well as the need for the sentence to reflect the seriousness of the offense (the attack left the child scarred physically and emotionally), § 3553(a)(2)(A). The district court also identified in its written Statement of Reasons specific § 3553(a) factors on which it relied. There is no evidence that the district court failed to consider a relevant factor. The record does not indicate that the district court considered any impermissible factors in imposing sentence. Finally, the record establishes that the district court did not make a clear error in weighing the proper factors. Given the brutality of the crime, the defenselessness and prolonged suffering of the victim, the severity of the injuries, the resulting permanent disfigurement, and the complete abdication by Little Hawk during the attack of his most basic responsibilities as a parent, the district court's decision to sentence Little Hawk to 60 months' imprisonment was a reasonable application of the § 3553(a) factors.

Finally, Little Hawk argues that his sentence was unreasonable because in sentencing him above the guidelines range, the district court failed to specify its reasons for the sentence in its written order of judgment and commitment, as required by 18 U.S.C. § 3553(c)(2). The district court provided a Statement of Reasons that listed various § 3553(a) factors upon which it relied in determining the sentence. However, this document was not part of the written order of judgment and commitment.[4] As such, the district court did not provide its reasons in the form required by the statute.[5] "However, when the district court fails to provide its reasons

_____

[4]In fact, the Statement of Reasons filed by the district court provides: "The Statement of Reasons is no longer a part of the Judgments in criminal cases. This is a 'Not for Public Disclosure' document, and it is only disseminated to defense counsel, government attorneys, financial litigation units of the U.S. attorneys' offices, probation and pretrial services offices, the U.S. Sentencing Commission, and if a term of imprisonment is imposed, the BOP."

[5]We recognize that there are situations in which it might be inappropriate to detail in the public record the district court's reasons for the sentence. For example, where the departure is based on the defendant's cooperation with the Government and public knowledge of that cooperation could put the defendant in danger. *See, e.g.*,

as required, we affirm the sentence if we determine that the sentence is reasonable." *United States v. Ademi*, 439 F.3d 964, 967 n.2 (8th Cir. 2006); 18 U.S.C. § 3742(f). Therefore, because we find Little Hawk's 60-month sentence to be reasonable, the failure of the district court to comply with § 3553(c)(2) does not require remand.

## III.  CONCLUSION

Accordingly, we affirm the sentence of the district court.

_____

Fed. R. Crim. P. 32(d)(3) (providing that the PSR must exclude information:  which is a diagnosis that, if disclosed, might seriously disrupt a rehabilitation program; that was obtained upon a promise of confidentiality; or that, if disclosed, might result in physical or other harm to the defendant or others).  However, § 3553(c)(2) provides that the district court is not required to set forth its reasons in the written order of judgment and conviction to the extent the court relies upon statements received in camera in accordance with Federal Rule of Criminal Procedure 32.  In that case, the district court must state that such statements were received in camera and that the court relied upon them in imposing sentence.  § 3553(c)(2).  The exception does not appear to be applicable in this case, as the record does not suggest that the district court relied on any such in camera statements.