**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JUAN VILLA-LARA,
*Defendant-Appellant.*

No. 05-10262

D.C. No.
CR-04-00111-HDM/
RA

OPINION

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Argued and Submitted
February 17, 2006—San Francisco, California

Filed May 9, 2006

Before: Procter Hug, Jr., Arthur L. Alarcón, and
M. Margaret McKeown, Circuit Judges.

Opinion by Judge Hug

## COUNSEL

Cynthia S. Hahn, Assistant Federal Public Defender, Reno, Nevada, for the appellant.

Robert Don Gifford, Assistant United States Attorney, Reno, Nevada, for the appellee.

## OPINION

HUG, Circuit Judge:

Defendant Juan Villa-Lara ("Villa-Lara") appeals his sixty-four month sentence for unlawful re-entry after deportation in violation of 8 U.S.C. § 1326(a). Villa-Lara's sentence was based on Sentencing Guidelines calculations, including a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) for a prior Nevada "drug trafficking offense" felony conviction where the imposed sentence exceeded 13 months.

Villa-Lara argues that this prior conviction under Nevada Revised Statute ("NRS") 453.3385 does not qualify as a drug trafficking offense under *Taylor v. United States*, 495 U.S. 575 (1990). We agree, and we vacate Villa-Lara's sentence and remand for resentencing. We do not reach Villa-Lara's other arguments.

## Background

On March 1, 1994, Villa-Lara was convicted in Nevada state court for the felony of possessing a "trafficking quantity" of a controlled substance in violation of NRS 453.3385.

He was sentenced to three years imprisonment. Villa-Lara was deported on October 20, 1995. He was found in Reno, Nevada without permission on August 9, 2004. Villa-Lara was indicted on August 24, 2004, for unlawful reentry of a deported alien in violation of 8 U.S.C. § 1326(a). On October 22, 2004, Villa-Lara pleaded guilty to this charge.

At Villa-Lara's sentencing on March 28, 2005, the district court calculated a total offense level of 21 using the Sentencing Guidelines. The base offense level was 8, plus 16 levels for the prior Nevada conviction pursuant to U.S.S.G. § 2L1.2, minus 3 levels for Villa-Lara's acceptance of responsibility. The district court calculated a total criminal history of 4 (7 points), using the Nevada conviction, another state conviction for sale of a controlled substance, and a third state conviction for possession of drug paraphernalia. Based on the offense level and criminal history, the district court reached a sentencing range of 57 to 71 months under the Guidelines. Villa-Lara was then sentenced to 64 months imprisonment. The judgment of conviction was entered on April 1, 2005, and Villa-Lara timely filed a notice of appeal on April 13, 2005.

## Discussion

We review *de novo* a district court's decision that a prior conviction is a qualifying offense for a sentencing enhancement pursuant to U.S.S.G. § 2L1.2. *United States v. Navidad-Marcos*, 367 F.3d 903, 907 (9th Cir. 2004); *see United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006).

[1] Under the *Taylor* "categorical" approach, we first look only to the fact of conviction and the Nevada statute's definition of the offense to determine whether Villa-Lara's prior conviction qualifies for the Sentencing Guidelines enhancement. *See United States v. Hernandez-Valdovinos*, 352 F.3d 1243, 1246 (9th Cir. 2003). If the Nevada statute criminalizes conduct that would not constitute a qualifying offense under the Sentencing Guidelines, we then undertake a "modified

categorical" approach and consider whether certain other documentation shows that the offense Villa-Lara committed was within the Guidelines definition. *See id.* at 1246-47.

**[2]** Villa-Lara's conviction under NRS 453.3385 does not qualify as a drug trafficking offense under the categorical approach. The statute criminalizes a broader range of conduct than a drug trafficking offense as defined in the Sentencing Guidelines. The Sentencing Guidelines' definition includes an offense under state law "that prohibits . . . the possession of a controlled substance (or a counterfeit substance) *with intent* to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2 cmt. n.1 (B)(iv) (emphasis added). The Nevada statute, however, criminalizes mere possession of certain amounts of controlled substances without proof of any trafficking intent.[1] NRS 453.3385 defines the instant offense to include the possession of a schedule I controlled substance other than marijuana, when the quantity is 4 grams or more, but less than 14 grams. NRS 453.3385(1). This offense is in sharp contrast to the offense of controlled substance possession "for the purpose of sale" contained in NRS 453.337(1), which we held qualifies as a drug trafficking offense under the Sentencing Guidelines. *See United States v. Benitez-Perez*, 367 F.3d 1200, 1204 (9th Cir. 2004). Although the title of NRS 453.3385 uses the phrase "[t]rafficking in controlled substances," a statutory title cannot undo or limit the plain meaning of the statute's actual text, when there are no ambiguous words or phrases therein. *See Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R. Co.*, 331 U.S. 519, 528-29 (1947).

---

[1]Our holding is in accord with the Supreme Court's recent holding that a prior conviction for simple possession of a controlled substance is not a "controlled substance offense" under U.S.S.G. § 4B1.1(a). *See Salinas v. United States*, 126 S. Ct. 1675 (2006) (per curiam). "Controlled substance offense" is defined in pertinent part under U.S.S.G. § 4B1.2(b) with language identical to the definition of "drug trafficking offense" that is at issue in the instant appeal.

Our holding is consistent with the view of the Tenth Circuit, which recently held that a prior state conviction for possession of between 50 and 2000 pounds of marijuana was not a drug trafficking offense under the Guidelines. *United States v. Herrera-Roldan*, 414 F.3d 1238, 1239 (10th Cir. 2005). *Herrera-Roldan* emphasized that its inquiry was confined "to the terms of the statute of conviction" and therefore not "inferences about an intent to distribute from [the defendant's] underlying conduct." *Id.* at 1241.[2]

[3] Turning to the modified categorical approach, no documents indicate that Villa-Lara actually committed a drug trafficking offense under the Sentencing Guidelines' definition. The Information states that Villa-Lara was charged with possession of a "trafficking quantity" of a controlled substance. This document does not reveal that he had any trafficking intent. Moreover, the Information identifies the controlled substance as a cocaine mixture, which is a schedule II substance that would not even qualify Villa-Lara for conviction under NRS 453.3385.

[4] We VACATE Villa-Lara's sentence and REMAND for resentencing.

---

[2]By contrast, the Eleventh Circuit held that a state drug conviction was a drug trafficking offense under the Guidelines, when the underlying crime was the possession of 28 grams or more of methamphetamine. *United States v. Madera-Madera*, 333 F.3d 1228 (11th Cir. 2005). But *Madera-Madera* failed to cite *Taylor* or undertake a proper *Taylor* categorical analysis of only the statutory definition of the prior offense. We therefore find its holding unpersuasive.