# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2133

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of South Dakota. |
| Patrick Left Hand Bull, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 14, 2006
Filed: December 28, 2006

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Patrick Left Hand Bull was indicted on one count of first-degree burglary, in violation of 18 U.S.C. § 1153 and S.D. Codified Laws § 22-32-1, and one count of assault with a dangerous weapon, in violation of 18 U.S.C. §§ 1153, 113(a)(3). He pled guilty to burglary, and the assault charge was dismissed. The United States Sentencing Guidelines recommend a sentence of 21 to 27 months for his Criminal History Category (III) and offense level (14). At sentencing, the district court[1] made

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

an upward departure to Criminal History Category V, and sentenced Left Hand Bull to 41 months (the high end of the new range). Left Hand Bull appeals.

Guideline departures are reviewed for abuse of discretion. *United States v. Mashek*, 406 F.3d 1012, 1017 (8th Cir. 2005). The district court stated that the original range under-represents Left Hand Bull's criminal history and the likelihood that he would recidivate. **U.S.S.G. § 4A1.3**. The court cited his extensive criminal history, as detailed in the Pre-Sentence Report. The PSR assigned criminal history points for felony abusive sexual contact and assault. But Left Hand Bull did not receive any criminal history points for seven misdemeanors, including: two convictions for impersonation to deceive a law enforcement officer, three convictions for passing bad checks, and two convictions for driving without a license. The PSR also showed that two supervised release agreements were revoked because of his violations. At sentencing, the court noted his disregard for court orders and overall lack of respect for the law. The court also took into account that Left Hand Bull had a number of warrants outstanding.

Left Hand Bull objected at the sentencing hearing to the court's consideration of the outstanding warrants, and renews the objection on appeal. The Guidelines state, "A prior arrest record itself shall not be considered for purposes of an upward departure under this policy statement." **U.S.S.G. § 4A1.3(a)(3)**. The government responds that although an arrest record "standing alone" cannot justify an upward departure, it may be considered along with other factors when "the PSR . . . provide[s] specific facts underlying the arrests . . . ." *See United States v. Hawk Wing*, 433 F.3d 622, 628 (8th Cir. 2006).

To the extent the district court relied on Left Hand Bull's prior arrests, it was a harmless error. *See id.* at 629. The PSR describes the conduct underlying these arrests in varying degrees of detail. More importantly, the court primarily relied on Left Hand Bull's extensive criminal history and supervised release violations. The

record supports the upward departure, without consideration of his arrest record or warrants.

This district court also relied on the dismissed assault charge to support the upward departure. Left Hand Bull argues that this deprives him of a benefit of his plea bargain. To the contrary, section 5K2.21says, "The court may depart upward to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement in the case . . . and (2) that did not enter into the determination of the applicable guideline range." *See, e.g.*, ***United States v. Mack***, 452 F.3d 744, 746 (8th Cir. 2006) (affirming section 5K2.21 upward departure for dismissed conduct). The court was careful to warn Left Hand Bull of this possibility at the change-of-plea hearing. It was not an abuse of discretion for the court to consider the dismissed assault charge.

Left Hand Bull generally invokes *United States v. Cammisano*, 917 F.2d 1057, 1063 n.2 (8th Cir. 1990), for the proposition: "the district court must compare the seriousness of the defendant's criminal history with that of offenders in each higher category and then select the category that most closely resembles the defendant's history." The absence of an on-the-record comparison by the district court is not fatal; the sentence will be upheld if the reviewing court is satisfied that the aggravating circumstances actually existed and that the departure was reasonable. *See **United States v. Thomas***, 914 F.2d 139, 144 (8th Cir. 1990). Left Hand Bull overstates the *Cammisano* footnote. *See, e.g., **United States v. Levi***, 229 F.3d 677, 679 (8th Cir. 1995) (sentencing court is "not required to compare [a defendant] explicitly to other offenders in that category before departing upward."); ***United States v. Day***, 998 F.2d 622, 625 (8th Cir. 1993) ("Neither the text of § 4A1.3 nor our precedents require a 'ritualistic exercise in which [the sentencing court] mechanically discusses each criminal history category it rejects en route to the category that it selects.'"). Accordingly, the departure in this case is upheld.

Left Hand Bull argues that the 41-month sentence is unreasonable. This sentence is within the Guideline range and thus presumptively reasonable. ***United States v. Lincoln***, 413 F.3d 716, 717 (8th Cir. 2005). This presumption may be overcome if the district court failed to consider a relevant factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or otherwise committed a clear error of judgment. ***United States v. Haack***, 403 F.3d 997, 1004 (8th Cir.), *cert. denied*, 126 S. Ct. 276 (2005). Relevant factors are those in 18 U.S.C. § 3553(a). ***United States v. Booker***, 543 U.S. 220, 261 (8th Cir. 2005). The standard of review is abuse of discretion. ***United States v. Dalton***, 404 F.3d 1029, 1032 (8th Cir. 2005).

A district court need not "categorically rehearse each of the section 3553(a) factors on the record when it imposes a sentence as long as it is clear that they were considered." ***United States v. Dieken***, 432 F.3d 906, 909 (8th Cir. 2005). Here, the court described Left Hand Bull as a "career criminal" with "little, if any, respect for the law" and who "pays absolutely no attention to court orders." He assaulted the victim with a dangerous weapon. These "circumstances of the offense" and "characteristics of the defendant" are relevant factors under 18 U.S.C. § 3553(a)(1). The court also predicted that Left Hand Bull would "continue to be involved in criminal activities without a doubt." Thus, the sentence "protect[s] the public from further crimes of the defendant" per 18 U.S.C. § 3553(a)(2)(C). The district court sufficiently considered the section 3553(a) factors. *See **United States v. Lewis***, 436 F.3d 939, 946 (8th Cir. 2006) ("robotic incantation" is not required). There was no abuse of discretion.

In *United States v. Little Hawk*, 449 F.3d 837, 841 (8th Cir. 2006), this court held that 18 U.S.C. § 3553(c)(2) requires a district court to state the reasons for the sentence in the written judgment. Left Hand Bull contends that the court violated *Little Hawk* by noting the reasons for the departure only in the non-public Statement of Reasons. But "when the district court fails to provide its reasons as required, we

affirm the sentence if we determine that the sentence is reasonable." *Id.* Here, while the district court did not list section 3553(a) factors in its written judgment, the reasons for the sentence were clearly articulated at sentencing. Given Left Hand Bull's personal characteristics, the circumstances of the offense, and the need to protect to public, the sentence was not unreasonable.

The judgment of the district court is affirmed.

_____