**Hugo RODRIGUEZ, aka Hugo Rodriguez–Isassi, aka Hugo Isassi–Rodriguez, Petitioner,**

v.

**Michael B. MUKASEY,* Attorney General, Respondent.**

**No. 05–77175.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 15, 2007.**

Filed Nov. 28, 2007.

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Vicenta E. Montoya, Esq., Las Vegas, NV, for Petitioner.

District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Janice K. Redfern, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ and WARDLAW, Circuit Judges, and COLLINS,\*\*\* District Judge.

### MEMORANDUM\*\*\*\*

Hugo Rodriguez petitions for review of the decision of the Board of Immigration Appeals, which dismissed his appeal from the immigration judge's denial of his motion to reopen. *See* 8 C.F.R. § 1003.44(b)–(c); 8 U.S.C. § 1182(c) (1996). We deny the petition.

Rodriguez cannot prevail. He pled guilty to a drug trafficking offense [1] after the enactment of the AEDPA,[2] and due to his conviction for that aggravated felony,[3] he was not eligible for relief under 8 U.S.C. § 1182(c) (1996). *See Alvarez–Barajas v. Gonzales,* 418 F.3d 1050, 1054 (9th Cir.2005); *see also United States v. Leon–Paz,* 340 F.3d 1003, 1005 (9th Cir.2003).

To the extent that Rodriguez now seeks to attack the determination that he committed an aggravated felony, which was also the controlled substance offense and one of the crimes of moral turpitude with which he was charged, we do not have jurisdiction because he did not exhaust his administrative remedies. *See Da Cruz v. INS,* 4 F.3d 721, 722–23 (9th Cir.1993). In any event, as already noted, it is apparent that he did commit an aggravated felony.

Petition **DENIED.**

---

\*\*\* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Nev.Rev.Stat. § 453.337 (possession of controlled substances—including methamphetamine—for sale); *United States v. Villa–Lara,* 451 F.3d 963, 965 (9th Cir.2006); *United States v. Benitez–Perez,* 367 F.3d 1200, 1204 (9th Cir.2004).

2. *See* Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996).

3. *See* 8 U.S.C. §§ 1101(a)(43)(B), 1182(c), 1251 (Apr. 24, 1996).