**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alfredo DE DIOS–SAMANIEGO,**
**Defendant–Appellant.**

No. 06–50518.

United States Court of Appeals,
Ninth Circuit.

Submitted March 5, 2008.*

Filed March 26, 2008.

Christopher A. Ott, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Martha McNab Hall, Esq., DiIorio & Hall, Mayra L. Garcia, Esq., Law Offices of Mayra L. Garcia, San Diego, CA, for Defendant–Appellant.

Before: GIBSON,** O'SCANNLAIN, and GRABER, Circuit Judges.

MEMORANDUM ***

Defendant Alfredo De Dios–Samaniego appeals his 54–month sentence following his conviction for attempted illegal reentry, 8 U.S.C. § 1326, and raises an ineffective assistance of counsel claim. We dismiss in part, reverse in part, and remand for resentencing.

1. As the government now concedes, the district court erred at sentencing by imposing an 8–level adjustment for a prior aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C). Defendant's conviction for a violation of California Health & Safety Code § 11379(a) is not a "drug trafficking" offense under the categorical approach and is therefore not an "aggravated felony." 8 U.S.C. § 1101(a)(43)(B); *Sandoval–Lua v. Gonzales,* 499 F.3d 1121, 1129 (9th Cir.2007); *United States v. Navidad–Marcos,* 367 F.3d 903, 907–08 (9th Cir.2004).

Judicially noticeable documents demonstrate that Defendant pleaded guilty to transporting more than one kilogram of methamphetamine. Defendant's conviction is not a "drug trafficking" offense under the modified categorical approach because Defendant did not admit to a "trafficking element" and because his conduct would not necessarily be punishable as a felony under federal drug laws. *See Lopez v. Gonzales,* 549 U.S. 47, 127 S.Ct. 625, 629, 166 L.Ed.2d 462 (2006) (interpreting "illicit trafficking" to require proof of a "trafficking element"); *Rendon v. Mukasey,* 520 F.3d 967, 974–74 (9th Cir.2008) (discussing the two prongs of the analysis); *United States v. Villa–Lara,* 451 F.3d 963, 965 (9th Cir.2006) (holding that a trafficking intent cannot *necessarily* be inferred from even a relatively large quantity of drugs).

The government's alternative argument—that Defendant was previously deported following a prior "aggravated felony," 8 U.S.C. § 110 1(a)(43)(O)—fails for the same reasons.

2. We dismiss Defendant's ineffective assistance of counsel claim stemming from

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

his original lawyer's advice on the possible sentences that Defendant faced. We generally do not reach the merits of ineffective assistance of counsel claims on direct appeal, and none of the exceptions applies here. *See United States v. Jeronimo*, 398 F.3d 1149, 1155–56 (9th Cir.2005) (stating the general rule and the exceptions).

3. The district court did not err by declining to replace Defendant's original lawyer.

DISMISSED in part, REVERSED in part, and REMANDED for resentencing.