# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1548

_____

United States of America,     *
    *
      Appellee,     *
    *    Appeal from the United States
   v.     *    District Court for the
    *    Northern District of Iowa.
Chris Pipkin,     *
    *      [UNPUBLISHED]
     Appellant.     *

_____

Submitted: September 22, 2008
Filed: December 23, 2008

_____

Before BYE, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Chris Pipkin appeals his sentence after pleading guilty to one count of making a false statement on a loan application, in violation of 18 U.S.C. § 1014. The district court[1] sentenced Pipkin to a thirty-month term of imprisonment, followed by five years of supervised release. The district court also ordered Pipkin to pay restitution to U.S. Bank (formerly Firstar Bank), the party victimized by his fraud. In calculating Pipkin's offense level under the 1998 version of the United States Sentencing

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Guidelines (U.S.S.G.), the district court assessed a two-level increase under section 2F1.1(b)(2), based on a finding that the offense involved more than minimal planning. The district court also denied any downward adjustment for acceptance of responsibility. On appeal, Pipkin asserts that the district court erred in both regards.

We first address Pipkin's challenge to the enhancement under section 2F1.1(b)(2). That section provides for a two-level increase if "the offense involved . . . more than minimal planning." U.S.S.G. § 2F1.1(b)(2) (1998). An offense involves more than minimal planning if it entails "more planning than is typical for commission of the offense in a simple form." Id. § 1B1.1, cmt. n.1(f). Moreover, the level of planning required for the enhancement "is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." Id. We review the district court's finding that Pipkin's offense involved more than minimal planning for clear error. United States v. Lim, 235 F.3d 382, 384 (8th Cir. 2000). In finding the enhancement was warranted here, the district court noted that Pipkin (1) defrauded Firstar Bank out of a substantial sum only after having failed to obtain a loan from another bank with the same fraudulent financial statement; (2) either prepared or signed numerous documents during the loan application process, in an effort to further his application; and (3) after successfully obtaining the loan proceeds, dissipated the contents of the brokerage account he had pledged as collateral by, over the course of several months, shifting its proceeds into various other accounts held by himself and others. These calculated actions, which spanned more than a year's time, are more indicative of a sophisticated scheme than of several purely opportune, ill-advised decisions. As such, the district court did not clearly err in finding that the instant offense involved more than minimal planning within the meaning of section 2F1.1(b)(2).

Pipkin also argues that the district court erred in denying any credit for acceptance of responsibility. Pursuant to Guidelines section 3E1.1, the district court may adjust a defendant's offense level downward "[i]f the defendant clearly

demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a) (1998). Because the district court is uniquely positioned to determine whether a defendant is truly deserving of such credit, we will reverse the court's determination in that regard "'only if it so clearly erroneous as to be without foundation.'" United States v. Little Hawk, 449 F.3d 837, 839 (8th Cir. 2006) (quoting United States v. Annis, 446 F.3d 852, 857 (8th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007)). Although pleading guilty prior to trial is strong evidence that a defendant has accepted responsibility for his actions, a timely plea does not entitle a defendant to the reduction as a matter of right. Lim, 235 F.3d at 385. Rather, such admirable conduct may be outweighed by other actions inconsistent with acceptance of responsibility. Id. Specifically, "a defendant who falsely denies, or frivolously contests, his relevant conduct has not accepted responsibility." United States v. Bell, 411 F.3d 960, 963 (8th Cir. 2005) (citation omitted). Here, the district court noted, among other things, that Pipkin lied to his probation officer about one instance of relevant conduct and tried to explain away another. "[T]o be 'responsible' is to 'answer for one's conduct.'" Id. at 964 (quoting Webster's Third New Int'l Dictionary 1935 (1981)). As the above-cited actions by Pipkin are inconsistent with a desire to do so, the district court's conclusion that he was not entitled to the reduction is not without foundation.

For the foregoing reasons, the decision of the district court is affirmed.

_____