FILED



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 25 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ALONSO RAMIREZ-CHAVEZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-72297<br><br>Agency No. A039-812-513<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of
The Board of Immigration Appeals

Argued and Submitted September 11, 2013
San Francisco, California

Before: ALARCÓN and BERZON, Circuit Judges, and ZOUHARY, District Judge.[**]

Petitioner Alonso Ramirez-Chavez, a native and citizen of Mexico, challenges

the Board of Immigration Appeals ("BIA") decision finding him ineligible for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

cancellation of removal due to a prior aggravated felony conviction. Because his record of conviction clearly and convincingly establishes he was convicted of an aggravated felony, his petition must be denied. *See* 8 U.S.C. § 1229b(a)(3).

Petitioner pled guilty in 2005 to Count I of a Nevada criminal Information, which charged him with "trafficking in a controlled substance," in violation of NRS § 453.3385(3), for "sell[ing], manufactur[ing], deliver[ing], or be[ing] in actual or constructive possession of 28 grams or more of . . . methamphetamine." Count I specified that Ramirez-Chavez "sold the methamphetamine" to a confidential informant.

Methamphetamine is a controlled substance, *see* 21 U.S.C. § 801 *et seq.*, and trafficking in a controlled substance is an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). However, a conviction under NRS § 453.3385 is not categorically an aggravated felony because the full range of conduct it criminalizes, including mere possession, is broader than the relevant federal statute, 8 U.S.C. § 1101(a)(43)(B). *See United States v. Villa-Lara*, 451 F.3d 963, 965 (9th Cir. 2006). As is the case here, "when a statute lists multiple, alternative elements, and so effectively creates 'several different . . . crimes,'" we use the modified categorical approach to "identify, from among several alternatives, the crime of conviction so that the court can compare it to the generic offense." *Descamps v. United States*, __ U.S. ___, 133 S. Ct. 2276, 2285 (2013) (citation omitted). We are permitted to look only to "the charging

instrument, transcript of the plea colloquy, plea agreement, and comparable judicial record" to determine whether Ramirez-Chavez "*necessarily admitted* elements of the generic offense." *Young v. Holder*, 697 F.3d 976, 983 (9th Cir. 2012) (en banc) (emphasis in original, quotation marks omitted) (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

Here, the Information, plea memorandum and colloquy, sentencing transcript, and judgment of conviction together demonstrate Ramirez-Chavez pled guilty to Count I of the Information, which accused him of selling methamphetamine rather than simply possessing it. He therefore pled guilty to trafficking in a controlled substance, an aggravated felony.

Petitioner argues that a later amended judgment from 2007, which reduced his maximum sentence to 6 years imprisonment, casts doubt on whether he pled guilty to selling or simply possessing methamphetamine. This argument is unpersuasive for several reasons, among them that the amendment affects only the sentence, not the judgment of conviction, and, in any event, the amended sentence would appear to reflect only a change in attributed quantity of controlled substance, not the underlying conduct. *Compare* NRS § 453.3385(3), *with* NRS § 453.3385(1).

For these reasons, the BIA properly found Ramirez-Chavez ineligible for cancellation of removal.

**DENIED.**