# United States Court of Appeals
## For the Eighth Circuit
_____

No. 21-2235
_____

United States of America

*Plaintiff - Appellee*

v.

Jason D'Juan Garfield

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith
_____

Submitted: February 24, 2022
Filed: March 17, 2022
[Unpublished]
_____

Before BENTON, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Jason D. Garfield appeals the sentence the district court[1] imposed after he pled guilty to firearm offenses. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable P.K. Holmes, III, United States District Court Judge for the Western District of Arkansas.

Garfield argues that the district court erred in denying a reduction for acceptance of responsibility, and that the sentence was substantively unreasonable. The district court did not clearly err in denying a reduction because his timely guilty plea did not automatically entitle him to the reduction. *See United States v. Long Soldier*, 431 F.3d 1120, 1122 (8th Cir. 2005) (this court gives great deference to district court's denial of request for reduction for acceptance of responsibility and reviews decision for clear error); *United States v. Lim*, 235 F.3d 382, 385 (8th Cir. 2000) (defendant is not automatically entitled to reduction for acceptance of responsibility on basis of having entered guilty plea); *United States v. Honken*, 184 F.3d 961, 968 (8th Cir. 1999) (burden is on defendant to establish that he is entitled to reduction for acceptance of responsibility). While Garfield also waived his right to be indicted by a grand jury and truthfully answered agents' post-arrest questions, the court was entitled to consider some of his post-arrest statements that minimized his offense conduct. *See United States v. Little Hawk*, 449 F.3d 837, 839-40 (8th Cir. 2006) (affirming denial of U.S.S.G. § 3E1.1 reduction where PSR showed that defendant's acceptance of responsibility was equivocal and hedged with excuses for his behavior); *United States v. Erhart*, 451 F.3d 965, 971 (8th Cir. 2005) (defendant may not minimize offense conduct or partially accept responsibility).

Garfield's sentence was not substantively unreasonable, as there is no indication that the court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the relevant factors. *See United States v. David*, 682 F.3d 1074, 1077 (8th Cir. 2012) (court of appeals reviews reasonableness of sentence for abuse of discretion, including sentence that reflects substantial upward variance); *United States v. Pickar*, 666 F.3d 1167, 1169 (8th Cir. 2012) (district court abuses its discretion when it fails to consider relevant factor that should have received significant weight, gives significant weight to improper or irrelevant factor, or considers only appropriate factors but in weighing those factors commits clear error of judgment). The court made an individualized assessment based on the facts presented in its consideration of the 18 U.S.C. § 3553(a) factors. *See United States v. Mangum*, 625 F.3d 466, 470

(8th Cir. 2010) (upward variance is reasonable where court makes individualized assessment of § 3553(a) factors based on facts presented).

The judgment is affirmed.

_____